## Richmond

NORMAN J. KUCZMANSKI, ET AL.

V.

BERNARD A. GILL, ET AL.

April 29, 1983.

Record No. 801791.

Present: Carrico, C.J., Cochran, Poff, Compton, Stephenson, Russell, JJ., and Harrison, Retired Justice.

*Beril M. Abraham* for appellants.
*Edward T. Caton (Barry Randolph Koch*, on brief), for appellees.

STEPHENSON, J., delivered the opinion of the Court.

The appellants, Norman and Marie Kuczmanski, purchased a house from Bernard and Nancy Gill. After moving in, the Kuczmanskis discovered numerous defects in the dwelling and sued the Gills. The trial court struck the Kuczmanskis' evidence, and they appeal. We therefore will view the evidence in the light most favorable to the plaintiffs.

The Kuczmanskis closed the purchase of their house on October 8, 1979, and moved in on November 11. They inspected the house four times before moving, the last visit being on the day of closing. Each visit lasted approximately 45 minutes to an hour, and each time Mr. Gill accompanied the Kuczmanskis through the house.

During their visits, Mr. Gill assured the Kuczmanskis the house was in excellent condition. He informed them that the house had storm windows throughout and had new guttering. The Kuczmanskis noticed some of the supports on the gutters were missing and

that the tile in one of the bathrooms needed to be recaulked. Mr. Gill agreed to repair these items, and a provision to this effect was included in the contract of sale.

A short time after moving into the house, the Kuczmanskis discovered the floors of both bathrooms had deteriorated due to wet rot and needed to be replaced. They engaged the services of several experts who examined the underside of the house and discovered a severe moisture problem. The toilet in one bathroom was supported from underneath by cinder blocks and pieces of wood. The experts stated the problem would have been obvious to anyone who went under the house. The Kuczmanskis also noticed the gutters did not work properly and that ten storm windows were missing.*

The trial court held that, under the doctrine of *caveat emptor*, the Gills were not responsible for the defects discovered by the Kuczmanskis. This doctrine is firmly established as part of the common law of Virginia. *Bruce Farms* v. *Coupe*, 219 Va. 287, 247 S.E.2d 400 (1978). It provides that:

> Where ordinary care and prudence are sufficient for full protection, it is the duty of the party to make use of them. Therefore, if false representations are made regarding matters of fact, and the means of knowledge are at hand and equally available to both parties, and the party, instead of resorting to them, sees fit to trust himself in the hands of one whose interest it is to mislead him, the law, in general, will leave him where he has been placed by his own imprudent confidence.

*Horner* v. *Ahern*, 207 Va. 860, 863-64, 153 S.E.2d 216, 219 (1967); *Costello* v. *Larsen*, 182 Va. 567, 571-72, 29 S.E.2d 856, 858 (1944); *see also DeJarnette* v. *Brooks Lumber Co.*, 199 Va. 18, 29-30, 97 S.E.2d 750, 758 (1957).

The Kuczmanskis, relying on *Armentrout* v. *French*, 220 Va. 458, 258 S.E.2d 519 (1979), and *Ware* v. *Scott*, 220 Va. 317, 257 S.E.2d 855 (1979), argue that *caveat emptor* does not apply in the present case. However, neither of these cases is apposite.

---

*The Kuczmanskis alleged many other defects in the house, including problems with the electrical system, heating system, and kitchen appliances. Many of these problems were trivial, and the trial court struck the evidence as to them on the ground that the Kuczmanskis had proved no damages. We affirm this ruling.

Both invoked an exception to the doctrine of *caveat emptor* which states the seller must not do anything to divert the purchaser from making inquiries or inspecting the premises. *Armentrout*, 220 Va. at 466, 258 S.E.2d at 524.

In *Armentrout*, the purchaser specifically inquired about the condition of the septic system and was told it "checked fine." In reality, the system was defective and emitted a strong odor in the house. The sellers masked the odor while the purchasers were in the house by keeping a fire going in the fireplace and by other means. We held that under these circumstances the purchasers were relieved of their duty of further inspection. *Armentrout*, 220 Va. at 466-67, 258 S.E.2d at 524.

In *Ware*, the purchasers specifically asked if the house they were interested in had any water problems and were told by the sellers that it did not. In fact, a drainpipe outside the house had overflowed. Further, a second incident occurred between the time the contract was signed and the time of closing. The sellers did not inform the purchasers of this problem. We held that since the purchasers had made a specific inquiry as to water problems, performance of the contract had been fraudulently induced. *Ware*, 220 Va. at 321, 257 S.E.2d at 858.

In the present case, no fraudulent statements were made by the sellers in an effort to divert the Kuczmanskis from making inquiries or inspecting the premises. The statement that the house was in excellent condition was mere sales talk. Expressions of opinion such as this do not constitute fraud. *Poe* v. *Voss*, 196 Va. 821, 825, 86 S.E.2d 47, 49 (1955).

While Mr. Gill did make a statement concerning the gutters, the statement was in fact true. The evidence indicated the gutters were new, but were improperly installed. In any case, the Kuczmanskis inspected the gutters and made their repair a subject of the contract of purchase. Therefore, the Kuczmanskis were not misled by Mr. Gill. With regard to the storm windows, the missing windows were an open and obvious defect which could have been discovered by the Kuczmanskis by even a cursory inspection of the premises. Nothing the Gills said or did hindered or misled the Kuczmanskis from making such an inspection.

Finally, the Gills made no statement at all regarding the bathroom floor. According to the Kuczmanskis' own experts, this defect was obvious to anyone who looked under the house. Fur-

ther, the Kuczmanskis themselves easily discovered it by picking up the rug in one bathroom.

In sum, the Gills took no actions and made no false representations in an attempt to divert the Kuczmanskis from making a prudent inspection of the premises. Indeed, the only misrepresentation attributable to Mr. Gill involved the storm windows. Under the doctrine of *caveat emptor*, the Kuczmanskis were not entitled to rely on this statement instead of ascertaining the true facts for themselves.

Accordingly, for the reasons stated, the judgment of the trial court will be affirmed.

*Affirmed.*

COMPTON, J., dissenting.