## CIRCUIT COURT OF FAIRFAX COUNTY

Susan D. Coronis

    v.

James A. Flowers, III

### Case No. (Law) 94281

By JUDGE JOHANNA L. FITZPATRICK

February 14, 1990

    This case comes before the Court on defendant's Demurrer and Motion for Sanctions. Oral argument was heard on February 2, 1990. For the reasons stated below, the Demurrer is sustained in part and denied in part.

    This case arises from the sale of real property. Plaintiff claims that defendant failed to disclose facts regarding water problems in the basement. Plaintiff seeks compensatory and punitive damages, alleging both breach of contract and fraud.

    A Motion for Judgment was originally filed as Law No. 91653. A Demurrer to this Motion for Judgment was sustained by Order dated July 21, 1989, with twenty-one days to amend. A Demurrer to the Amended Motion for Judgment was then entered, followed by a Final Dismissal Order. The instant Motion for Judgment thus represents the plaintiff's third attempt. The plaintiff re-alleges the same breach of contract and fraud theories but again fails to identify the misrepresentations underlying the fraud.

    Although not expressly drafted in two counts, the Court will treat the instant Motion for Judgment as sounding in both contract and tort. The defendant's Demurrer is hereby sustained with prejudice to the extent the plaintiff has alleged a fraud. The breach of contract claim survives,

however; the Demurrer to this count is denied. Plaintiff is granted twenty-one days' leave to amend the Motion for Judgment to re-allege the breach of contract count only. No sanctions will be awarded at this time.

April 2, 1990

This case comes before the Court on defendant's Demurrer to the Amended Motion for Judgment. Argument was heard on March 23, 1990. For the reasons stated below, the Demurrer is sustained with prejudice.

The posture of this case is set forth in this Court's previous opinion letter dated February 14, 1990. The issue to be resolved is whether the defects alleged by the plaintiff are within the scope of the express warranties set forth in the contract. (Plaintiff conceded during argument on March 23 that there are no implied warranties in the sale of a used dwelling under Virginia law, and all allegations to that effect are withdrawn.) Paragraph 9 of the April 10, 1987, Agreement provides as follows:

> PURCHASER agrees to accept the property in an "as is" condition, except as otherwise specified; however, the SELLER warrants at the time of settlement . . . all appliances, utilities and equipment, including heating, central air conditioning, if any, plumbing and electrical systems are in working order . . . . PURCHASER will hold SELLER and BROKER harmless from any liability due to any defects in the property or improvements.

The plaintiff's Amended Motion for Judgment alleges that:

> Defendant, in fact, delivered to plaintiff premises that were defective with water damage and with subterranean water problems in violation of the express and implicit terms and/or warranties of the contract and, accordingly, breached the contract. The defendant breached the contract by delivering to the plaintiff premises which were *defective in plumbing* and that the defendant

knew at the time of deliverance of these premises that *there was subterranean water penetrating from the exterior to the interior.* (Emphasis added.)

Viewing the facts in the light most favorable to the plaintiff, the answer to this question is "No." The water damage at issue is at most caused by structural defects in the basement walls; it is clearly unrelated to any defects in "plumbing" as that term is used in paragraph 9. Rather, the condition complained of is a "defect" for which the plaintiff agreed not to hold the seller liable. In light of this conclusion, it is not necessary to rule on defendant's additional argument that any warranties contained in the April 10 Agreement were extinguished upon execution of the July 5 Deed by operation of the Doctrine of Merger.

The defendant also seeks an award of attorney's fees under § 8.01-271.1. The principle is firmly established under Virginia Supreme Court decisions that there are no implied warranties with the sale of a used residence. *See, e.g., Kuczmanski, et al. v. Gill, et al.*, 225 Va. 367 (1983), and cases cited therein. The Court will therefore award Mr. Brennan $300.00 in attorney's fees.

Defendant's Demurrer is sustained and this case is dismissed with prejudice.