## CIRCUIT COURT OF LOUDOUN COUNTY

Joseph M. Esposito et al.

v.

Donald R. Chandler et al.

Case No. (Chancery) 13083

By JUDGE JAMES H. CHAMBLIN

May 31, 1991

This cause is before the Court on the Demurrers, or, in the alternative, Motions for Summary Judgment, filed by the defendants, Donald R. Chandler and Carolyn E. Chandler, Betty McCarthy, and BMC Realtors, Inc. ("BMC") to the Amended Bill of Complaint. The Court heard oral argument thereon on May 3, 1991.

For the reasons hereinafter set forth, the Court considers the defendants' pleadings both as demurrers and motions for summary judgment.. As demurrers, they are sustained, and as motions for summary judgment, they are granted. Accordingly, this suit is dismissed as to these defendants.

This suit was originally filed against not only the defendants who have now demurred and moved for summary judgment, but also against Conover Septic Tank Service, Inc. ("Conover Septic"), Helen M. Conover, as personal representative of the Estate of James D. Conover ("Conov-

er"), and Mason & Wheatley, P.C. After the Court sustained a demurrer filed by Conover Septic and Conover, the complainants were granted time to file an Amended Bill of Complaint. Also, any ruling on demurrers filed by other defendants was deferred until the complainants repleaded. *See* decree entered herein on March 25, 1991. Further by decree entered March 1, 1991, the complainants non-suited Conover Septic and Conover.

While the original Bill of Complaint is somewhat unclear on exactly what causes of action are alleged and who they are alleged against, it is clear that the complainants' claims against the Chandlers, McCarthy and BMC arise out of their alleged failure to disclose to them the true condition of the septic system before they purchased the property. In the original Bill of Complaint, it is alleged that the complainants engaged the services of Home Pro Systems, Inc., to conduct an inspection of the property. A copy of the report of Home Pro is attached to the Bill of Complaint. It is dated May 3, 1989, which was approximately one and one-half months before the complainants settled on the property. The report does not indicate any problems with the septic system and clearly shows that the septic system is a part of the inspection and report done by Home Pro. An Addendum to the Sales Contract (also attached to the Bill of Complaint) dated May 3, 1989, and signed by the complainants states as follows: "Home inspection contingency shall be removed. Home inspection found to be satisfactory."

The Bill of Complaint also alleges that before settlement, the Chandlers provided the complainants with a statement from Conover Septic dated May 10, 1989. A copy thereof is attached to the Bill of Complaint, and it states in part that the "system was in good working condition May 10, 1989."

The aforesaid allegations concerning the inspections and reports of Home Pro and Conover Septic are not contained in the Amended Bill of Complaint. The causes of actions alleged in the Amended Bill of Complaint may be summarized as follows:

1. An allegation of fraud against the Chandlers, McCarthy, and BMC based upon false or misleading statements made by McCarthy, an agent for the Chandlers and BMC, which:

(a) led the complainants to believe that the septic system functioned properly and met all design criteria and capacity requirements imposed by state and county laws and regulations; and

(b) diverted the complainants from conducting their own investigation into the condition of the septic system.

Also, the complainants deliberately failed to reveal material information to the complainants about the problems with the septic system.

2. An allegation of negligence against McCarthy and BMC by breaching their duty to disclose to the complainants all facts material to the sale, specifically, the true nature and character of the septic system.

3. An allegation of malpractice against Mason & Wheatley, the law firm which represented the complainants at settlement. (This allegation is not at issue here).

A demurrer is a pleading which admits the truth of the facts pleaded by the complainants but asserts that such facts do not support the granting of any relief. *See* Virginia Code § 8.01-273(A); W. H. Bryson, Handbook on Virginia Civil Procedure (2d Ed.) pp. 226-228. Each defendant has filed a demurrer to the Amended Bill of Complaint; therefore, for purposes of each demurrer, only the allegations contained in the Amended Bill of Complaint are taken as admitted (and not the allegations of the original Bill of Complaint). Counsel have not cited, and I have not found, any authority for the Court to admit as true the allegations of an original Bill of Complaint upon a demurrer to an amended Bill of Complaint. The reason is obvious. A demurrer only attacks the pleading it is directed against and allowing the allegations of the original Bill of Complaint to be considered on a demurrer to the amended Bill of Complaint would completely negate any advantage to the plaintiff by amending his original Bill of Complaint.

Regardless of how the complainants phrase it in the Amended Bill of Complaint, the basis of their causes of action against these defendants arises out of McCarthy's alleged false and misleading statements about the septic system (see 1(a) above) and which diverted the complainants from conducting their own investigation (see 1(b) above). Count 2 may use words of negligence, but it is also, at most, a fraud claim.

The allegations of paragraphs 3, 5 and 15 of the Amended Bill of Complaint merely allege that McCarthy made "statements of fact" which (1) led the complainants "to believe that the septic system functioned properly and met all design criteria and capacity requirements imposed by state and county law and regulations" and (2) "diverted" the complainants "from conducting their own independent investigation into the condition of the septic system." There are no allegations of what McCarthy said or what the false representations were which form the basis of the alleged fraud. The allegations are only of what the complainants believed after McCarthy made her statements. Fraud is never presumed. It must be alleged and proved as alleged by clear and convincing evidence. *See Poe v. Voss*, 196 Va. 821, 827 (1955). The complainants do not specifically allege that McCarthy told them that the septic system functioned properly. Any statement by McCarthy that the septic system met state and county laws and regulations would be a statement of opinion and not a statement of fact. It would be a matter not susceptible of exact knowledge. *Piedmont Trust Bank v. Aetna*, 210 Va. 396, 400 (1969); *Poe*, 137 Va. 106 (1923).

The doctrine of *caveat emptor* is still alive in Virginia. *Boris v. Hill*, 237 Va. 160, 163 (1989). The diversion allegation referred to above is aimed at putting the complainants within an exception to that doctrine as set out in *Horner v. Ahern*, 207 Va. 860 (1967), and *Armentrout v. French*, 220 Va. 458 (1979). These cases created an exception to the doctrine of *caveat emptor* in that it does not apply where a seller says or does anything to throw the purchaser off guard or to divert him from making the inquiries and examination that a prudent buyer ought to make. *Boris*, 237 Va. at 164. In the Amended Bill of Complaint, it is only alleged that McCarthy's statements (which are not specifically alleged, i.e., there are no allegations of what she said as agent for the Chandlers) diverted the complainants.

*Boris* makes it clear that it is a question of fact for the trier of fact to determine whether or not a purchaser has been diverted. 237 Va. at 165. Therefore, facts must be alleged that show that the seller, or his agent, said something to divert the purchaser. Here, like the allegation that McCarthy's statements led the complainants

to believe the septic system functioned properly, there are only allegations of a conclusion that her statements diverted the complainants.

I have difficulty in understanding the theory of negligence as alleged in Count 2 of the Amended Bill of Complaint. In paragraph 24, it is alleged that McCarthy and BMC, as a real estate agent and broker, had a duty to the complainants to disclose all facts material to the sale of the property. McCarthy and BMC were agents of Chandler, the seller. BMC listed the property, and McCarthy worked for BMC and was Chandler's sales agent. *See* paragraphs 2 and 3 of the Amended Bill of Complaint. As the agent of Chandler, neither BMC nor McCarthy had a duty to disclose all facts material to the sale of the property. If they had such a duty, then the doctrine of *caveat emptor* would be meaningless. Negligence is the failure to use ordinary care, the care a reasonable person would have used under the circumstances. The complainants have attempted to create a cause of action that does not exist and, at most, have tried to allege improper conduct by McCarthy for her failure to disclose a material fact. This is, in my opinion, merely just another form of fraud, i.e., fraud by concealment of a material fact. *See, Spence v. Griffin*, 236 Va. 21 (1988); *Allen Realty v. Holbert*, 227 Va. 441 (1984).

A demurrer does not admit the correctness of the pleader's conclusions of law. *Fox v. Curtis*, 236 Va. 69, 71 (1988). Accordingly, the Demurrers do not admit the correctness of a duty on the part of McCarthy to disclose all facts material to the sale of the property.

If the allegations of Count 2 constitute fraud by concealment, then McCarthy is alleged to have concealed the true nature of the septic system (paragraph 25 of the Amended Bill of Complaint) of which she was informed by the Coulsons before the complainants viewed the property (paragraph 17 of the Amended Bill of Complaint). However, the "true nature" of the septic system as it was allegedly known by McCarthy is never alleged. It is not alleged that McCarthy knew before the complainants viewed the property that the septic system was then in the same condition as ultimately discovered by the complainants in May, 1990. Again, it is the failure to allege the specifics of the fraud, but only a general allegation of fraud.

Mere silence by itself does not constitute the diversion exception to the doctrine of *caveat emptor*. The seller must say or do something to throw the purchaser off guard. There are no allegations that the complainants or their agents made specific inquiries about the septic system to which McCarthy failed to disclose specific information about which she had knowledge that would have been responsive to the inquiries.

For the foregoing reasons, the demurrers are sustained. Perhaps the complainants would be granted leave to replead, but that is moot in light of the decision on the Motions for Summary Judgment.

Regardless of how the complainants may characterize their alleged wrongs against McCarthy, BMC and Chandler, their basic complaint sounds in fraud. Whether it be actual fraud or constructive fraud, an essential element is reliance by the complainants on the alleged false representations of McCarthy, BMC and Chandler.

As noted above, the Amended Bill of Complaint does not contain the allegations contained in the original Bill of Complaint concerning the Home Pro and Conover Septic reports. Both reports fail to indicate any problem with the septic system. The complainants had both reports before they settled on the property.

Under Rule 3:18 summary judgment may be based on the pleadings if no material fact is genuinely in dispute. Under § 8.01-271.1, Mr. Herring's signature to the original Bill of Complaint certifies that to the best of his knowledge, information and belief, formed after reasonable inquiry, the Bill is well grounded in fact. Despite the duty imposed by § 8.01-271.1 upon complainant's counsel, he has not offered to the Court an explanation for the failure to mention the Home Pro and Conover Septic reports in the Amended Bill. If complainant's counsel certifies in a pleading that the allegations concerning the reports are well grounded in fact, then if that pleading is amended and such allegations are deleted, then he must come forward with an explanation for the deletion. If he does not, then such facts are not disputed and may be considered as the basis for a motion for summary judgment under Rule 3:18.

One who seeks to hold another in fraud must clearly show that he relied upon the acts and statements of the

other, and he must be held not to have so relied when it appears that he has made his own investigation, whether complete or not, into the subject matter at hand. *Piedmont Trust Bank*, 210 Va. at 400; *Harris v. Dunham*, 203 Va. 760, 767 (1962); *Poe v. Voss*, 196 Va. 821, 827 (1955).

The Home Pro report and the allegations in the original Bill of Complaint about it shows that the complainants made their own investigation as to the septic system. Addendum No. 3 to the Sales Contract (an exhibit to both the original and the amended Bill of Complaint) provides the property conveyed "As Is" excepting a termite inspection and "well and sewer approval by mutually acceptable private company (paragraph 15)." Paragraph 15 of the Sales Contract called for a certificate about the septic system from "the appropriate governmental authority or mutually acceptable private company." Addendum No. 3, signed by the complainants, shows that they agreed to the certificate from a private company. The Conover Septic report (an exhibit to the original Bill, but not the Amended Bill) is dated after Addendum No. 3 and before settlement. It can be reasonably inferred from the allegations that the complainants relied upon the Conover Septic report and that such report was the approval contemplated by Addendum No. 3.

The fact of the complainants' reliance on the Home Pro and Conover reports and the advice given by Mason & Wheatley, which is not genuinely in dispute, bars the complainants from recovery because they did not rely upon McCarthy's alleged false statements of fact.

*Accordingly, the Motions for Summary Judgment of McCarthy, BMC, and the Chandlers are granted.*

### October 15, 1991

This cause is before the Court on the request of the defendants, Donald R. Chandler and Carolyn E. Chandler, Betty McCarthy and BMC Realtors, Inc., for the entry of a decree consistent with the opinion letter of May 31, 1991, and the Motion for Reconsideration of the opinion filed by the complainants, the Espositos. The Court heard argument thereon on October 4, 1991.

The Court grants the request for entry of the decree and denies the Motion for Reconsideration.

The motions for summary judgment were granted because certain allegations of the original bill of complaint which were deleted from the amended bill of complaint without explanation show that the Espositos did not clearly rely on any alleged false representations. This decision was fully explained in the opinion letter of May 31, 1991. The Espositos cannot argue that the Conover Report, the Home Pro Report, and the advice of their settlement attorney are not the equivalent of an investigation of the property by the Espositos. The Espositos engaged the services of Home Pro to conduct an inspection of the property. (Paragraph 5 of the original bill of complaint). There are no allegations that the Espositos did not request Home Pro to exclude the septic system from its inspection. It can be reasonably inferred that "an inspection of the property" includes an inspection of the septic system.

Now the Espositos want to further amend their bill of complaint to allege new facts. See paragraph 3 through 6 of the Motion for Reconsideration. These facts purport to cure the deficiencies in the amended bill of complaint which were addressed in the opinion letter of May 31, 1991. The Espositos have offered no explanation for the failure to allege these facts earlier. They have not shown that they learned of these facts after the Court issued its opinion letter of May 31, 1991. The Motion for Reconsideration offers no explanation as to why the Answers of Conover Septic Tank Services, Inc., and Helen M. Conover to Request for Admissions and Interrogatories in Law No. 12752 have now caused the Espositos to allege such new facts. The Answers do not mention any statements by McCarthy, BMC, or the Chandlers, and they do not connect any of these defendants to any forgery of the Conover Report or the absence of an inspection by Conover. This Court cannot conclude that because the Conover Report may be a forgery or because the inspection by Conover may not have been done, McCarthy or the Chandlers must have had something to do with either the possible forgery or non-inspection. The Responses to the Requests for Admissions and Answers to Interrogatories in Law No 12752 are not conclusive established facts in this cause.

Whether or not the Conover Report is a forgery or whether or not Conover actually inspected the septic system is irrelevant because of the way the Espositos originally

pleaded their case. The Espositos went to settlement knowing the content of both the Home Pro Report and the Conover Report either personally or through their settlement attorneys. Nothing was alleged in the original or amended bill of complaint linking McCarthy, BMC, or the Chandlers to any irregularity in the Conover Report.

The order submitted is entered. The ruling set forth hereon on the Motion for Reconsideration has been added thereto. All exceptions of the Espositos to the rulings set forth in this opinion letter are duly noted.