## CIRCUIT COURT OF FAIRFAX COUNTY

Mary Winfrey et al.

v.

John Bell et al.

Case No. (Law) 108946

BY JUDGE THOMAS A. FORTKORT

February 20, 1992

This case is before the Court on the Demurrer of defendants John and Elizabeth Bell to the plaintiffs' Motion for Judgment. After hearing oral argument, the Court took the matter under advisement. For the reasons set forth below, the Demurrer is sustained as to the defendants' claim that the Motion for Judgment does not state a claim for actual or constructive fraud. The plaintiffs may amend their Motion for Judgment if they wish to do so within 21 days of this letter date.

The events giving rise to this litigation are given in the Motion for Judgment. In August, 1980, the plaintiffs Mary Winfrey and Austin Woodcock purchased the improved property located at 2508 Belleview Avenue, Alexandria, Virginia, from the defendants John and Elizabeth Bell. The plaintiffs claim that at the time of transfer of the property, John Bell had knowledge of cracks in the basement walls and foundation of the house which resulted in leaks throughout the basement. The plaintiffs allege that with the intent to deceive future purchasers, John Bell or his agent constructed a false wall in the basement designed to cover the evidence of existing cracks. This wall covers three sides of the original basement wall and stands approximately eight inches from it. The plaintiffs contend that a reasonably prudent person would believe that the artificial wall was in fact the actual wall.

In September, 1989, the plaintiffs discovered the false wall while attempting to determine the cause of leaks in the basement. The plaintiffs now seek compensatory damages of $32,500.00 for the repair and replacement of the defective walls and punitive damages of $100,000.00.

The Court has before it today the defendants' Demurrer, which submits four arguments contending that the Motion for Judgment fails to state a cause of action. The defendants claim that the plaintiffs' allegations do not plead actual or constructive fraud sufficiently, that the allegations do not relate to the defendants' deception of a present or pre-existing fact, and that the allegations do not claim the concealment of a material fact. The Court considers these three arguments collectively because each concerns the correct pleading of fraud and deceit in an action at law.

Under principles of Virginia law given in such cases as *Lloyd v. Smith*, 150 Va. 132 (1928), fraud must be pleaded with specificity as to at least three components: (1) the intentional misrepresentation of a pre-existing material fact by the defendant or the concealment of a material fact if there is a duty to disclose, (2) reliance on the misrepresentation or concealment which induces the plaintiff to act, and (3) injury to the plaintiff resulting from the misrepresentation or concealment. The plaintiffs have not alleged in their Motion for Judgment that the defendants made misleading statements about the condition of the basement which would constitute intentional misrepresentation; thus, as the plaintiffs contend in their Memorandum in Opposition to the Demurrer, the question before the Court as to this first component of fraud is whether the defendants had a duty to disclose the condition of the basement which would render their silence intentional misrepresentation.

The plaintiffs rely on the reasoning of the Virginia Supreme Court in *Ware v. Scott*, 220 Va. 317, 257 S.E.2d 855 (1979), as support for their contention that the defendants owed a duty to disclose the allegedly defective condition of the basement walls. The factual circumstances of the parties in *Ware*, however, render the Supreme Court's reasoning inapplicable to the case presently before the Court. The buyers of the home in *Ware* inquired specifically as to water problems in the house, and the sellers replied fallaciously that a slight water problem in the past had been corrected. In fact, an overflowing drainpipe had flooded the house and had damaged a

stone wall on the property on one prior occasion. After the contract of sale had been executed by the parties but before closing on the property, the overflowing drainpipe flooded the house a second time. The Supreme Court found in this case that the sellers' failure to disclose the occurrence of the second flood constituted fraudulent inducement of performance of the contract because with the occurrence of the second flood, the sellers acquired information that they knew would make their previous representation about the condition of the property untrue.

In contrast, the plaintiffs' Motion for Judgment in the present case does not describe a situation in which the defendants had an affirmative duty to disclose structural defects in the basement. The purchasers did not inquire as to water leakage as the purchasers did in *Ware*, and thus the duty to disclose the claimed defect never arose. The Virginia Supreme Court later emphasized in *Kuczmanski v. Gill*, 225 Va. 367, 302 S.E.2d 48 (1983), that the particular circumstances of the plaintiffs in *Ware* and of the plaintiffs in a similar case, *Armentrout v. French*, 220 Va. 458, 258 S.E.2d 519 (1979), were deserving of relief because of the plaintiffs' specific inquiries as to defects in the property. In contrast to the decisions in *Ware* and *Armentrout*, the Supreme Court's ruling in *Kuczmanski* demonstrates that the doctrine of *caveat emptor* will prevent a buyer from recovery for defective property if the seller is under no duty to disclose the defect and if the seller has not made false representations about the defective condition.

In the present case, the plaintiffs do not allege in their Motion for Judgment that they inquired about possible leaking in the basement, which would trigger a duty on the part of the defendants to disclose information concerning the condition of the premises, or that the defendants gave them false information about the condition. Thus, the first element of sufficient pleading of fraud in an action at law is not satisfied.

The Motion for Judgment fails as well to plead the second element of fraud required under Virginia law: the plaintiffs have not alleged that reliance on the defendants' misrepresentation or concealment induced them to act. *See Harris v. Dunham*, 203 Va. 760, 127 S.E.2d 65 (1962). In the case currently before the Court, the plaintiffs have not claimed that their reliance on the defendants' actions induced them to enter into and perform the contract for sale of the property.

The Court finds the plaintiffs' claim of fraud and deceit insufficient to withstand the Demurrer because it does not plead the components of this cause of action with the specificity required under Virginia law. The defendants' Demurrer is sustained. Plaintiffs are given 21 days from the date of this letter opinion to amend their pleadings if they wish to do so.

In sustaining the Demurrer as to the sufficiency of pleading the cause of action for fraud, the Court need not reach the defendants' additional ground in support of the Demurrer. The Court notes, however, that the defendants' contention that the "plaintiffs had actual or constructive knowledge of the true state of facts" is an issue of fact which would be determined at trial; this claim does not test the sufficiency of the Motion for Judgment and therefore is not raised properly on Demurrer.

## October 7, 1992

This case is before the Court on the Demurrer of defendants John and Elizabeth Bell to the plaintiffs' amended motion for judgment. The Court heard oral argument and took the matter under advisement. For the reasons set forth below, the Demurrer is sustained.

The events underlying this litigation are described in the amended motion for judgment. In August of 1980, the plaintiffs Austin Woodcock and Mary Winfrey purchased improved property located at 2508 Belleview Avenue in Alexandria, Virginia. The property was sold to the plaintiffs by defendants Elizabeth and John Bell. The plaintiff allege that at the time of the sale, John Bell was aware of defects in the foundation wall which resulted in water damage. The plaintiffs further allege that John Bell or his agent installed a false wall eight inches in front of the existing walls on three sides of the basement. The plaintiffs contend that this wall, which they describe as "a mere curtain," was constructed with the intent to deceive future purchasers and that they were in fact deceived by it.

The plaintiffs did not discover the false wall until September of 1989, when they investigated the cause of leaks in the basement. Plaintiffs now seek $32,500.00 as compensation for the repair and replacement of defective walls. As punitive damages, the plaintiffs seek an additional $100,000.00.

This Court has before it today the defendants' Demurrer to the Amended Bill of Complaint, which once again raises the issue of

what constitutes fraud and deceit in an action at law in Virginia. As explained by this Court in a prior letter in this case, Virginia law requires that fraud be pleaded with specificity as to at least three elements: (1) intentional misrepresentation of a pre-existing material fact by the defendant or the concealment of a material fact if there is a duty to disclose, (2) reliance on the misrepresentation or concealment which induces the plaintiff to act, and (3) injury to the plaintiff resulting from the misrepresentation or concealment. *See, e.g., Lloyd v. Smith*, 150 Va. 132 (1928). The plaintiffs in the instant case have never alleged that the defendants made any misleading statements about the condition of the basement sufficient to constitute intentional misrepresentation. Because no affirmative misstatement is alleged, in order to satisfy the first element of fraud, the plaintiffs must show some duty on the part of the defendants to disclose the condition of the basement. Silence on the part of the defendants, when coupled with an affirmative duty to disclose, could constitute the first element of fraud. *Id.*

Plaintiffs allege that the act of the defendant in constructing the new walls imposed upon him a duty to reveal the existence of a second wall to prospective purchasers. Plaintiffs characterize defendant's actions as the concealment of a patent defect. Such concealment, they argue, transformed any existing problem to a latent defect and "created an obligation upon the Defendant to reveal the defect to prospective purchasers."

In *Kuczmanski v. Gill*, 225 Va. 367, 302 S.E.2d 48 (1983), the Virginia Supreme Court reaffirmed the doctrine of *caveat emptor* as applied to the sale of realty. The plaintiffs in *Kuczmanski* were denied relief even though the sellers had failed to disclose a severe moisture problem beneath the house resulting in deterioration of the floors due to wet rot. *Id.* In fact, in that case, "the toilet in one bathroom was supported from underneath by cinder block and pieces of wood." *Id.* at 369. Nonetheless, the court ruled that because "no fraudulent statements were made" and no specific questions were asked, the doctrine of *caveat emptor* applied. *Id.* at 370.

The plaintiffs in *Kuczmanski* relied on the apparent solidity of the floors; plaintiffs in the instant case made a similar assumption about the nature of the basement walls. Arguably, there was conversion of a patent defect into a latent defect when the toilet in the Kuczmanski home was shored up with cinder blocks and wood. Yet the Court

made clear in the *Kuczmanski* opinion that it is not the nature of the defect which is at issue; rather, it is inquiry or lack thereof by the purchaser, or affirmative statements by the vendor, which gives rise to a duty to disclose between parties not otherwise obligated. *Id.* at 370 (distinguishing earlier cases). Since the plaintiffs in this case have pleaded neither inquiry nor misstatement, the first element of a pleading of fraud is not satisfied.

The Court finds the plaintiff's amended motion for judgment insufficient to withstand demurrer. Plaintiffs have not alleged any misstatement by the sellers and have shown neither inquiry nor special relationship such as would trigger a duty to disclose. The defendants' demurrer is sustained.