## CIRCUIT COURT OF FAIRFAX COUNTY

Keith I. Christman et al.

v.

Paul A. Harvey et al.

December 16, 1992

Case No. (Law) 118451

BY JUDGE ROBERT W. WOOLDRIDGE, JR.

This matter comes before the Court on the demurrer of defendants Thoms Realty, Inc., and Charles R. Thomas to plaintiffs' motion for judgment, and the motion of defendants Paul A. Harvey and Lynn B. Harvey to adopt the co-defendants' demurrer. The motion of defendants Paul and Lynn Harvey to adopt the co-defendants' demurrer is granted. For the reasons stated herein, the demurrer of all defendants is overruled.

In the motion for judgment, the Christmans allege that on or about January 30, 1992, they entered into a contract of sale with the Harveys for certain improved real estate located in Fairfax County, Virginia. The Christmans also allege that Thoms Realty and Charles Thomas managed and maintained the property on behalf of the Harveys since 1980 and acted as the Harveys' agent for the sale and management of the property.

Pursuant to the sales contract, the plaintiffs obtained a home inspection of the property which did not detect any basement foundation problems. On or about February 25, 1992, the plaintiffs and the Harveys completed the sale, and the plaintiffs began to occupy the property.

In May 1992, the plaintiffs discovered a crack in the foundation of the home. In their motion for judgment, they allege that the crack was hidden by the defendants, using shrubbery on the exterior and paneling on the interior of the home. They further allege that the foundation crack could not have been discovered in the ordinary

course of a diligent inspection because the defect was concealed, and that the concealment by the defendants deterred the plaintiffs from any further inspection of the property that might have revealed the problem.

The defendants demur to the motion for judgment on the grounds that the doctrine of caveat emptor precludes plaintiffs' recovery absent (1) misleading statements by the defendants to the plaintiffs, (2) inquiry by the plaintiffs giving rise to defendants' affirmative duty to disclose the problem, or (3) a special duty to disclose owed by the defendants to the plaintiffs. The defendants further demur on the grounds that performance of a home inspection by the plaintiffs charges the plaintiffs with all knowledge that could have been obtained had such an inspection been pursued diligently.

In support of their demurrer, the defendants rely principally upon this Court's opinion in *Winfrey v. Bell*, 28 Va. Cir. 55 (1992). *Winfrey* in turns relies primarily on *Kuczmanski v. Gill*, 225 Va. 367, 302 S.E.2d 48 (1983). In *Kuczmanski*, the Supreme Court of Virginia enforced the doctrine of caveat emptor because no fraudulent statements were made by the sellers to the purchasers to divert them from making inquiries or inspecting the premises and because the defects were open, obvious, and easily discoverable.

In the case now before the Court, although a home inspection report was conducted by the plaintiffs, the motion for judgment alleges that the defects were not open, obvious, or easily discoverable. The plaintiffs also allege that the defects could not ordinarily have been found by even a diligent inspection because of the defendants' concealment of the defects.

The Court finds that the case is governed more by the Virginia Supreme Court's findings in *Armentrout v. French*, 220 Va. 458, 258 S.E.2d 519 (1979), than it is by *Kuczmanski*, supra. In *Armentrout*, the Supreme Court recognized that a purchaser is responsible for discovery of the true condition of premises if the purchaser has information that would excite the suspicion of a reasonably prudent person. An exception to this rule, however, is that a seller must not say *or do* anything to divert the purchaser from a prudent examination or inquiry. Actions as well as statements by sellers may constitute an exception to the doctrine of caveat emptor.

The motion for judgment in this case alleges that the seller defendants intentionally concealed the foundation problem in a successful attempt to deter the purchasers from the type of inspection that

would have revealed the defect. The allegations stated in the motion for judgment create sufficient factual issues for a trier of fact to consider. The Court therefore overrules the defendants' demurrer.