## CIRCUIT COURT OF THE CITY OF RICHMOND

Easterly

v.

Nuckols et al.

March 15, 1993

Case No. LU-496

BY JUDGE T. J. MARKOW

As grounds for summary judgment, defendants argue that "[a]llegations of concealment . . . in the absence of inquiry and an affirmative misrepresentation, are insufficient as a matter of law to establish a cause of action for fraud." Def. Mot. Sum. Jmt., para. 3 (citing *Winfrey v. Bell*, 28 Va. Cir. 55 (1992), and authorities cited therein). However, upon close examination, this relevant case law does not dictate that summary judgment be granted in this case.

The facts of *Winfrey v. Bell* are as follows: the purchasers bought a home which, unbeknownst to them, had defects in the foundation wall, resulting in water damage. The sellers allegedly knew of the defects and went so far as to construct a false wall eight inches in front of the existing wall in an effort to conceal them. In investigating the cause of leaks in the basement years after the purchase, plaintiffs discovered the false wall and sought damages for repair and replacement costs, as well as punitive damages. In sustaining demurrers to both the motion and amended motion for judgment, the court relied heavily on *Kuczmanski v. Gill*, 225 Va. 367 (1983), for the proposition that *caveat emptor* applied.

*Kuczmanski* involved the purchase of a home with, among other problems, missing storm windows and a severe moisture problem in the floors. The court noted that "the missing windows were an open and obvious defect which could have been discovered by even a cursory inspection of the premises," and that the defective floor which had

been propped up from below with wood and cinder blocks "was obvious to anyone who looked under the house." *Id.* at 370. The court applied *caveat emptor* because the buyers were complaining of defects which would have been discovered if they had undertaken an inspection. It is important to note the mention by the court that "[n]othing the Gills said *or did* hindered or misled the Kuczmanskis from *making such an inspection*." *Id.* (emphasis added), and that "the Gills *took no actions* and made no false representations in an attempt to divert the Kuczmanskis from making a prudent inspection of the premises." *Id.* at 371 (emphasis added). *Armentrout v. French*, 220 Va. 458 (1979), and *Ware v. Scott*, 220 Va. 317 (1979), are other examples of the exception to *caveat emptor* whereby "the seller must not *do anything* to divert the purchaser from making inquiries or inspecting the premises." *Kuzmanski*, 225 Va. at 370 (citing *Armentrout*, 220 Va. at 466) (emphasis added). The fact that the Easterlys in this case did not make specific inquiries as to defects is not dispositive. In the normal course of events, potential problems revealed by inspection would prompt further inquiry by the buyers. In this instance, if the sellers prevented an inspection from revealing the true facts, they hindered the Easterlys from conducting a proper inquiry. It would defy logic to allow a seller to mask material defects in such a way as to make them undetectable by even a diligent inspection, and then penalize the buyer for not asking about them. The doctrine of *caveat emptor* puts responsibility on the buyer to discover the true state of the premises he is purchasing, but it should not reward the seller who makes this discovery impossible.

This seems to conflict with *Winfrey*, wherein the court sustained the demurrers of the sellers who built a false wall to hide a leak. However, the opinions in that case are unclear as to whether the sellers conducted an inspection and whether such an inspection would have revealed the false wall. In his letter opinion, Judge Fortkort did draw the analogy that "[t]he plaintiffs in *Kuczmanski* relied on the apparent solidity of the floors; plaintiffs in the instant case made a similar assumption about the nature of the basement walls." *Winfrey v. Bell*, 28 Va. Cir. 55, 59 (1992). To the extent Judge Fortkort's statement implies that the purchasers did not adequately inspect the property, it is consistent with this court's interpretation of *Kuczmanski*. If this is not the case, and the *Winfrey* defendants succeeded by so cleverly concealing a material defect as to make it impossible for the plaintiffs to find it,

even by inspection, then this court declines to adopt Judge Fortkort's reasoning.