# CIRCUIT COURT OF THE CITY OF ALEXANDRIA

Bowdring

v.

McKee et al.

February 6, 2001

Case No. C1000706

BY JUDGE JOHN E. KLOCH

This matter came to be heard upon the defendant McKee's demurrer for failure to state a claim of breach of contract, fraud, and constructive fraud.

Plaintiff purchased real property from the defendants in 1999. The property is located at 505 Duncan Avenue, Alexandria, Virginia. The plaintiff alleges that the defendants did not properly install the sump pump and that the rear addition to the original property has not been issued an occupancy permit. The plaintiff sought damages based on breach of contract, fraud, and constructive fraud.

Virginia follows the common law doctrine of caveat emptor as to sales of real property. See *Watson v. Avon Street Center*, 226 Va. 614, 618-19, 311 S.E.2d 795 (1984) (citing *Kuczmanski v. Gill*, 225 Va. 367, 302 S.E.2d 48 (1983)). "If a purchaser is given or secures information as to the condition of property such as would excite the suspicions of a reasonably prudent man, he is then under a duty to ascertain the true condition for himself and cannot rely upon the representations of the vendor." *Horner v. Ahern*, 207 Va. 860, 863, 153 S.E.2d 216 (1967). The court in *Armentrout v. French*, 220 Va. 458, 466, 258 S.E.2d 519 (1979) (quoting *Horner*, 207 Va. at 864), however, held that "a very important exception to [caveat emptor] is that the seller 'must not say or do anything to throw the purchaser off his guard or to divert him from making the inquiries and examination which a prudent man ought to make'."

The court in *Boykin v. Hermitage Realty*, 234 Va. 26, 30, 360 S.E.2d 177 (1987), dealt with the issue of whether the doctrine of caveat emptor applies when the buyers have equal access to a document of public record. The court

held that the doctrine "affords no protection to a seller who makes false representations of a material fact, constituting an inducement to the contract, on which the buyer had a right to rely." *Id.* (citations omitted).

This Court finds that, with regard to the sump pumps, the alleged misrepresentations occurred subsequent to the home inspection; therefore, the plaintiff was thrown off guard and, thus, was reasonable in relying upon it. The Court further finds that plaintiff cannot have a claim for fraud based on the permit deficiencies on the rear addition unless plaintiff alleges that the defendants made false representations with regard to those permits.

For the foregoing reasons, this Court sustains the demurrer as to punitive damages, overrules the demurrer on all counts with regard to the sump pumps, and sustains the demurrer to Counts II and III with regard to the permit deficiencies, with leave to amend. The Plaintiff will have fourteen days from February 7, 2001, to file any amendments to the Motion for Judgment, the Defendant will have fourteen days thereafter to file any responsive pleadings.