# CIRCUIT COURT OF FAIRFAX COUNTY

Christopher Ballard
and Teresa Ballard

v.

Steven Stephan
and Louise Stephan

July 1, 2008

Case No. CL 2007-4347

BY JUDGE RANDY I. BELLOWS

The present motion before the Court is Defendants' Demurrer. The Court heard oral argument on Defendants' motion on June 13, 2008, after which the matter was taken under advisement. For the reasons set forth below, the Court sustains the demurrer, but grants Plaintiffs leave to amend.

*Background*

On March 25, 2005, Plaintiffs Christopher and Teresa Ballard entered into a contract with Defendants Steven and Louise Stephan to purchase a piece of property located at 8018 Daffodil Court in Springfield, Virginia (hereinafter "Property"). (Compl. ¶¶ 3-5.) At the time of entering into the contract (hereinafter "Contract"), Defendants owned the Property. (Compl. ¶ 5.) Paragraph 13 of the Contract states as follows:

> H. *Wood Infestation Inspection and Report.* Seller shall deliver to Purchaser a report from a qualified licensed exterminator, dated not earlier than 30 days before Settlement, that the principal dwelling on the Property is free of infestation and structural damage from termites and other wood-destroying insects. If such insects are found, Seller shall, at Seller's

expense, have the dwelling treated and damage repaired and shall choose an exterminating company which will furnish a one-year warranty on such treatment work or its inspection.

Plaintiffs further allege that Defendants never provided a copy of the wood infestation inspection report to them, although Plaintiffs nevertheless went through with the settlement on the Contract on April 5, 2005. (Compl. ¶¶ 8, 10.) The Ballards further allege that they finally received the inspection report over a year after closing. The report stated "No Visible Activity." (Compl. ¶ 8.)

A little over a year after closing, around April 14, 2006, the Ballards allege that they discovered extensive termite damage under the wood flooring in their home, as well as "a swarm of large, mature termites" under the foyer flooring. (Compl. ¶¶ 11-16.) Count I of the Complaint alleges that the Stephans committed fraud, in that they "deliberately concealed the termite damage where it would have been visible to the Ballards upon inspection . . . prior to the sale of the Property." (Compl. ¶ 23.) Count II of the Complaint alleges Constructive Fraud, in that the Stephans "negligently or innocently concealed the termite damage where it would have been visible to the Ballards upon inspection and to a termite inspector prior to the sale of the Property." (Compl. ¶ 35.) Finally, the Ballards request compensatory damages in the amount of $30,000, punitive damages totaling $25,000, and attorneys' fees. (Compl. ¶ 7.)

## Parties' Positions

Defendants demur on the grounds that "Plaintiffs' claims are barred by their own allegations," in that "Plaintiffs allege there was an express contract requirement for sellers to provide a termite inspection," but that "[d]espite allegedly not receiving any report or inspection, Plaintiffs went forward to settlement and thus waived all termite claims." (Mem. in Support of Dem. to Compl. at 2.) Defendants further allege that "Plaintiffs' allegations fail to meet the detailed requirements of particularity and specificity required of misrepresentation claims under Virginia law." (Mem. in Support of Dem. to Compl. at 2.) Defendants also demur to Plaintiffs' claims for attorney's fees and punitive damages, since the claimed injury was not "wanton or malicious," nor do Plaintiffs "allege facts to support a determination of actual or express malice." (Mem. in Support of Dem. to Compl. at 4.)

Plaintiffs argue that they have in fact pleaded sufficient claims for both actual and constructive fraud in that "[t]he fraud pleaded here is that the Defendants concealed termite damage such that the inspection would not reveal the true presence or non-presence of termites, and that the Plaintiffs would not be able to see such damages themselves upon visual inspection of the property." (Mem. of Law in Opp. to Request for Dem. to Compl. at 2.) Plaintiffs further allege that their claim for punitive damages should not be dismissed, since "proof of actual malice may be direct or circumstantial" and . . . "[a claim for punitive damages] is an issue of evidence for the jury to determine." (Mem. of Law in Opp. to Request for Dem. to Compl. at 3.)

*Analysis*

Under Virginia law, "[a] demurrer admits the truth of all material facts properly pleaded. . . . [T]he facts admitted are those expressly alleged, those which fairly can be viewed as impliedly alleged, and those which may be fairly and justly inferred from the facts alleged." *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24, 431 S.E.2d 277 (1993). In addition, "[o]n demurrer, a court may examine not only the substantive allegations of the pleading attacked but also any accompanying exhibit mentioned in the pleading." *Id.*

Further, "when dealing with issues of fraudulent inducement to purchase, [courts] have repeatedly reaffirmed the doctrine of caveat emptor." *Smith v. Nonken*, 53 Va. Cir. 187, 189 (2000) (citing *Kuczmanski v. Gill*, 225 Va. 367, 302 S.E.2d 48 (1984); *Watson v. Avon Street Business Ctr., Inc.*, 226 Va. 614, 311 S.E.2d 795 (1984)). According to this doctrine, "where ordinary care and prudence are sufficient for full protection, it is the duty of the party to make use of them. . . ." *Id.* (citing *Bruce Farms v. Coupe*, 219 Va. 287, 247 S.E.2d 400 (1978)).

However, "a very important exception to [*caveat emptor*] is that the seller must not say or do anything to throw the purchaser off his guard or to divert him from making the inquiries and examination which a prudent man ought to make." *Watson v. Avon Street Business Center, Inc.*, 226 Va. 614, 618, 311 S.E.2d 795 (1984).

In *Esposito v. Chandler*, 24 Va. Cir. 143 (1991), the circuit court considered a demurrer to a complaint in which plaintiffs alleged that they "engaged the services of [an inspection company] to conduct an inspection of the property" that the plaintiffs were interested in purchasing. *Id.* at 144. Among other counts, plaintiffs alleged fraud against the sellers of the home for the sellers' "alleged failure to disclose to [the plaintiffs] the true condition of

the septic system before [the plaintiffs] purchased the property." *Id.* at 144. The Circuit Court ultimately sustained the demurrer to the fraud count, due to the fact that the complaint did not "allege[] [facts to] show that the seller, or his agent, said something to divert the purchaser" from "making the inquiries and examination that a prudent buyer ought to make." *Id.* at 146.

So, too, here. Because the instant case involves the purchase of a home, the doctrine of caveat emptor applies. The Ballards have not thus far pleaded facts that would indicate that the sellers – here, the Stephans – actually diverted the Ballards from making the inquiries and examinations that prudent purchasers ought to make. Nor have the Ballards pleaded facts with sufficient particularity to indicate that the Stephans somehow threw the Ballards off their guard. Indeed, the facts thus far alleged indicate that the Ballards did *not* make the examinations that prudent purchasers should make. This is because the facts alleged by the Ballards admit that the Ballards went through with the settlement on the Contract for the Property, despite the fact that the Ballards had not yet received the termite inspection report that, pursuant to the terms of the contract, the Ballards were entitled to receive.

Finally, because Plaintiffs have not pleaded claims for fraud and constructive fraud sufficient to withstand the demurrer, this Court need not reach the issue of attorneys' fees and punitive damages.

## Conclusion

For the reasons stated above, the Court hereby sustains the demurrer, but grants Plaintiffs leave to amend. Plaintiffs may file an amended complaint within twenty-one days from the date of the attached order. Failure to do so will result in dismissal with prejudice. Any subsequent demurrer should be placed on this Court's docket.