## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Motion Control Industries, Inc.

v.

Butzner Construction Co., Inc., et al.

November 21, 1990

Case No. L-90-9

BY JUDGE WILLIAM H. LEDBETTER, JR.

In its motion for judgment, Motion Control claims that on or about January 6-7, 1987, employees of Butzner negligently cut a Virginia Power underground cable. At the time, Butzner was constructing a road under contract with Leonard. The motion for judgment further alleges that employees of Virginia Power were negligent in incorrectly locating the underground cable for Butzner and Leonard. The severance caused a disruption of electric power to Motion Control, resulting in various losses enumerated in the motion for judgment. Motion Control concedes that the damages it claims are for economic loss, not injury to persons or property, as those terms are defined in Virginia law.

Butzner and Leonard filed a demurrer in which they contend that the motion for judgment fails to state a cause of action because they were "not in privity with" Motion Control and "owed no duty" to Motion Control.

Arguments on the demurrer were heard on November 19, 1990, and this opinion addresses the issues raised by the demurrer.

It is axiomatic that for purposes of this ruling all allegations in the motion for judgment, and reasonable inferences to be drawn from them, are assumed to be true. Virginia Code § 8.01-273; *West Alexandria Properties v. First Virginia Mortgage*, 221 Va. 134, 267 S.E.2d 149 (1980).

Accepting the truth of the allegations, these defendants contend, Motion Control cannot recover for purely economic loss because there is no privity. They rely on the holding in *Blake Construction Co. v. Alley*, 233 Va. 31, 353 S.E.2d 724 (1987).

In *Blake*, the owner of a construction project entered into one contract with a builder and another contract with an architect for the construction of an office building. The builder sued the architect for professional negligence resulting in economic losses to the builder. The Court held that the builder's lack of privity with the architect was fatal to the builder's claim.

There, the Court noted that Virginia Code § 8.01-223 provides that lack of privity is no longer a defense in actions for damages for injury to *persons* or *property* that result from negligence. However, the Court determined that the statute, being in derogation of the common law requirement of privity in negligence actions, must be strictly construed so that its application is limited to cases involving injuries to persons or property. The court said:

> There can be no actionable negligence where there is no breach
> of a duty "to take care for the safety of the person or property of
> another."

In essence, the Court in *Blake* adhered to the common law rule that a party not in privity may not recover damages where there is no physical injury to persons or property. The Court reaffirmed its position on the issue in *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 374 S.E.2d 55 (1988). *Also see Copenhaver v. Rogers*, 238 Va. 361 (1989), and *The Law of Damages in Virginia* (Virginia Law Foundation), pp. III-3 and III-4 (1990).

Notwithstanding its concession that its damages are for economic loss only, Motion Control argues that the rationale of those cases distinguishes them from this case. The court does not agree.

Admittedly, the Court in *Blake*, and again in *Sensenbrenner*, pointed out that rights and duties regarding economic loss could have been the subject of contract between the parties, and that protection of economic expectations "remains the particular province of the law of contracts." Admittedly, also, those circumstances do not exist here because Motion Control was a complete stranger to the enterprise engaged in by Butzner and Leonard. Nonetheless, the social policy addressed in those decisions controls this decision. Tort law is not designed to compensate parties for losses suffered as a result of breach of duties assumed only by agreement; hence, the common law rule that a party not in privity — i.e., to whom no general duty of care is owed absent an express or implied agreement — may not recover for purely economic loss.

The merit of the rule is particularly apparent here. According to the allegations in the motion for judgment, neither Butzner nor Leonard had any relationship with Motion Control nor were they working on property of Motion Control. Further, their actions did not cause injury to the property of Motion Control. If Motion Control's logic were applied here, a grading contractor working in a public street, under advice of a utility company as to the location of underground power lines, could find itself liable for purely economic losses to scores of businesses all along the distribution system if it disrupted service by cutting the cable.

For the reasons explained above, the demurrer is sustained and these defendants are dismissed.