Present:   All the Justices

OSCAR W. TATE, ET AL.

                          OPINION BY JUSTICE LEROY R. HASSELL, SR.
v.  Record No. 980166              January 8, 1999

COLONY HOUSE BUILDERS, INC., ET AL.

            FROM THE CIRCUIT COURT OF SPOTSYLVANIA COUNTY
                    John W. Scott, Jr., Judge

     In this appeal, we consider whether a seller's statements
to purchasers of real property constitute statements of fact
sufficient to support a cause of action for constructive fraud
and, if so, whether that action is barred by Code § 8.01-250,
a statute of repose.

     Appellants, Oscar W. Tate and Frances J. Tate, filed
their motion for judgment in 1996 against Colony House
Builders, Inc., Thomas P. Sagun, and Hilda R. Sagun.  The
plaintiffs alleged, in their motion, the following relevant
facts.

     Colony House Builders, Inc., a Virginia corporation
engaged in the construction and sales of new residential homes
in Spotsylvania County, built a new dwelling in the Bloomsbury
subdivision.  In 1990, the plaintiffs, who are husband and
wife, purchased the property from Colony House Builders for
the sum of $345,000.

     Before agreeing to purchase the property, the plaintiffs
allegedly relied upon the following material facts and

representations made by Thomas P. Sagun (Sagun), president of Colony House Builders: "the new dwelling house was free from structural defects; . . . the new dwelling house was constructed in a workmanlike manner; . . . the new dwelling house was fit for habitation; . . . the new dwelling house was competently designed commensurate with the consideration of $345,000.00 [and]; . . . the Tates would enjoy quiet possession in the sense that apart from minor corrective work, no significant work would be required by way of restoration, rebuilding, or extensive repair." Before closing, Sagun accompanied the plaintiffs throughout the house and "pointing out many aspects of the construction, illustrated the design and construction as being of the highest quality, and further gilded the representations in reassuring the Tates that he intended the structure to be a model home of the finest designs and construction and a superior product. . . ."

The plaintiffs alleged that "[t]he representations were made by Thomas P. Sagun as President of Colony House Builders . . . and with the authority and consent of Hilda M. Sagun, also record owner of the premises with the intent that the plaintiffs would rely on each and every representation." Plaintiffs alleged that they later learned that there was physical damage throughout the house that had been concealed and "rotting within the walls" of the house. "In order to

2

preserve the premises[,] the plaintiffs were required to retain contractors to begin the process of removing all areas of destruction and deterioration, replacing major areas through new construction including but not limited to wall framing and roofing." The plaintiffs also alleged that the defendants' purported misrepresentations constituted constructive fraud and sought damages in the amount of $150,000 plus interest and costs.

The defendants filed responsive pleadings, including a special plea in which they asserted that Code § 8.01-250 limits actions for recovery for injury to property resulting from defective construction of improvements to real property to a period of five years from the completion of construction, that the plaintiffs' action was filed more than five years from the date of construction and, thus, their claims were barred. The defendants also filed a motion for summary judgment and asserted that the representations Sagun purportedly made to the plaintiffs were statements of opinion which were not sufficient to support a cause of action for constructive fraud. The circuit court agreed with the defendants and entered judgment sustaining the special pleas and granting the motion for summary judgment. Plaintiffs appeal.

The plaintiffs argue that the alleged fraudulent misrepresentations are statements of fact which are sufficient to support a cause of action for constructive fraud. The defendants respond that the alleged misrepresentations were merely opinions.

The plaintiffs and defendants correctly observe that expressions of opinion cannot form the basis of an action for fraud:

> "It is well settled that a misrepresentation, the falsity of which will afford ground for an action for damages, must be of an existing fact, and not the mere expression of an opinion. The mere expression of an opinion, however strong and positive the language may be, is no fraud. Such statements are not fraudulent in law, because . . . they do not ordinarily deceive or mislead. Statements which are vague and indefinite in their nature and terms, or are merely loose, conjectural or exaggerated, go for nothing, though they may not be true, for a [person] is not justified in placing reliance upon them." Saxby v. Southern Land Co., 109 Va. 196, 198, 63 S.E. 423, 424 (1909).

Accord Mortarino v. Consultant Eng'g Servs., 251 Va. 289, 293, 467 S.E.2d 778, 781 (1996). Additionally, "'fraud must relate to a present or a pre-existing fact, and cannot ordinarily be predicated on unfulfilled promises or statements as to future events.'" Patrick v. Summers, 235 Va. 452, 454, 369 S.E.2d 162, 164 (1988) (quoting Soble v. Herman, 175 Va. 489, 500, 9 S.E.2d 459, 464 (1940)).

4

The plaintiffs, relying upon Packard Norfolk, Inc. v. Miller, 198 Va. 557, 95 S.E.2d 207 (1956), argue that the statements Sagun purportedly made to them constitute facts which support a cause of action for constructive fraud. In Packard Norfolk, H. J. Miller filed a suit in equity against Packard Norfolk, Inc., alleging that he had been induced to purchase a Packard automobile in reliance upon fraudulent and material misrepresentations made by Packard's agents. Miller, who had unsatisfactory experiences with Packard cars, informed Packard's salesmen that he was reluctant to acquire another car "of the same make." Later, when Packard's agent met with Miller seeking to convince him to purchase another Packard automobile, Miller told the agent that Miller wanted "the car to be absolutely in as good running condition as it can, with everything perfect and thoroughly checked." Id. at 559, 95 S.E.2d at 209.

The agent assured Miller that the car "was an improvement over previous models, [that it] would have more power, [and] more pickup." The agent also informed Miller that he could rest assured that motors in this particular model had "been tested for six months prior to any car being put on the market . . . [,] that [Miller] should not fear trouble, and to rest assured that [Miller] would have no further trouble with anything else, that the car would be in perfect condition,

5

. . . thoroughly checked, . . . gone over carefully, . . . [and] in as good running condition as it could be when it was delivered . . . [Miller] told [the agent] that only under those circumstances would [Miller] even consider buying another Packard car." Id.

Rejecting Packard Norfolk's contention that its agent's statements constituted opinions which could not form the basis of a constructive fraud action, we stated:

> "There is no certain rule by the application of which it can be determined when false representations constitute matters of opinion or matters of fact, but each case must in a large measure be adjudged on its own facts, taking into consideration the nature of the representation and the meaning of the language used as applied to the subject matter and as interpreted by the surrounding circumstances.
> "It is not always an easy matter to determine whether a given statement is one of fact or opinion. The relative knowledge of the parties dealing, their intentions and all of the surrounding circumstances, which can only be gathered from the evidence, affect the interpretation which the courts put upon representations in determining whether they be of fact or opinion.
>
> . . . .
>
> "A statement asserting the then perfect condition of a new car is a representation as to the present quality or character of the article and is clearly a representation of fact and not a promise as to something to be done in the future. Whether or not a car is in the condition represented is factual, not promissory." Id. at 562-63, 95 S.E.2d at 211 (citations omitted).

Accord <u>Blair Const., Inc.</u> v. <u>Weatherford</u>, 253 Va. 343, 346-47, 485 S.E.2d 137, 139 (1997); <u>Mortarino</u>, 251 Va. at 293-94, 467 S.E.2d at 781.

Applying the aforementioned principles, we hold that some of the statements that Sagun purportedly made to the plaintiffs are statements of fact sufficient to support their cause of action for constructive fraud.  Sagun's statements that:  "the new dwelling house was free from structural defects; . . . the new dwelling house was constructed in a workmanlike manner and; . . . the new dwelling house was fit for habitation" are representations of the present quality or character of the property and, thus, are statements of fact and not mere expressions of opinion.[*]  The issue whether the house was actually in the condition represented can be determined factually.

Sagun's alleged representation that the plaintiffs "would enjoy quiet possession in the sense that apart from minor

_____

[*]The defendants, relying upon <u>Kuczmanski</u> v. <u>Gill</u>, 225 Va. 367, 302 S.E.2d 48 (1983), assert that all Sagun's purported statements are mere opinions.  <u>Kuczmanski</u>, however, is factually distinguishable from the present case.  There, purchasers of a house filed a motion for judgment against the sellers, alleging that one of the sellers assured the purchasers that the house was in "excellent condition."  We held that the seller's general statement that the house was in excellent condition was mere sales talk and could not support an action for fraud.  <u>Id.</u> at 370, 302 S.E.2d at 50.  Here, unlike <u>Kuczmanski</u>, Sagun allegedly made specific

corrective work, no significant work would be required by way of restoration, rebuilding, or extensive repair" cannot support an action for constructive fraud.  Generally, representations predicated upon future events or promises cannot form the basis of an action for constructive fraud. Patrick, 235 Va. at 454, 369 S.E.2d at 164.  Even though there are exceptions to this rule, those exceptions are not implicated in this action.  See Lloyd v. Smith, 150 Va. 132, 145-46, 142 S.E. 363, 365-66 (1928).

Sagun's alleged statements that "the new dwelling house was competently designed commensurate with the consideration of $345,000.00" and "the design and construction [of the dwelling were] of the highest quality" are more in the nature of puffing or opinion and cannot form the basis of an action for constructive fraud.  Commendatory statements, trade talk, or puffing, do not constitute fraud because statements of this nature are generally regarded as mere expressions of opinion which cannot rightfully be relied upon, at least where the parties deal on equal terms.  Henning v. Kyle, 190 Va. 247, 252, 56 S.E.2d 67, 69 (1949).

Code § 8.01-250 states in relevant part:

"No action to recover for any injury to property, real or personal, or for bodily injury or

representations of the present quality or character of the new house.

8

wrongful death, arising out of the defective and
unsafe condition of an improvement to real property,
nor any action for contribution or indemnity for
damages sustained as a result of such injury, shall
be brought against any person performing or
furnishing the design, planning, surveying,
supervision of construction, or construction of such
improvement to real property more than five years
after the performance of furnishing of such services
and construction."

The plaintiffs contend that Code § 8.01-250 does not bar their constructive fraud action because their alleged cause of action does not involve an injury to real property.  We agree.

We have stated that "Code § 8.01-250 is a redefinition of the substantive rights and obligations of the parties to any litigation 'arising out of the defective and unsafe condition of an improvement to real property.' . . . [T]he lapse of the statutory period was meant to extinguish all the rights of a plaintiff, including those which might arise from an injury sustained later and to grant a defendant immunity from liability for all the torts specified in the statute."  Hess v. Snyder Hunt Corp., 240 Va. 49, 52, 392 S.E.2d 817, 819 (1990) (quoting School Bd. of the City of Norfolk v. U.S. Gypsum, 234 Va. 32, 37-38, 360 S.E.2d 325, 328 (1987)). However, as we observed in Hess, Code § 8.01-250 is only applicable to those torts specified in the statute.  Fraud is not a tort specified in the statute because, as we have stated, the wrongful act involved in fraud is "aimed at the

9

person." Pigott v. Moran, 231 Va. 76, 81, 341 S.E.2d 179, 182 (1986). We also stated in J.F. Toner & Son v. Staunton Prod. Credit Assoc., 237 Va. 155, 158, 375 S.E.2d 530, 531 (1989), that because "fraud invariably acts upon the person of the victim, rather than upon property, its consequence is personal damage rather than injury to property." Accordingly, we hold the circuit court erred in sustaining the defendants' special pleas in bar.

In summation, the circuit court correctly held that the defendants' alleged representations that the plaintiffs would enjoy quiet possession in their new house, the house was designed competently commensurate with the consideration of $345,000, and the design and construction of the dwelling were of the highest quality are not sufficient to support an action of constructive fraud and, therefore, that portion of the circuit court's judgment dismissing the plaintiffs' claim based upon these statements will be affirmed. The alleged representations that the house was free from structural defects, constructed in a workmanlike manner, and fit for habitation are factual statements which are sufficient to support a cause of action for constructive fraud and, therefore, with respect to these alleged statements, the judgment of the circuit court will be reversed. That portion of the circuit court's judgment which sustained the

defendants' special pleas in bar will also be reversed.  We will remand this case for further proceedings consistent with the views expressed in this opinion.

Affirmed in part,
reversed in part,
and remanded.
