## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Cincinnati Insurance Co.

v.

Puckett Brothers
Construction Co.

March 10, 1999

Case No. CL98-502

BY JUDGE WILLIAM H. LEDBETTER, JR.

According to the defendant's demurrer in this case, the plaintiff's claim implicates the so-called economic loss rule. Arguments on the demurrer were heard on February 16, 1999. This opinion sets forth the court's analysis and ruling.

### Facts

When considering a demurrer, the court assumes as true all facts that are properly pleaded, facts that are impliedly alleged, and facts that may be fairly inferred from the allegations. *Bowman v. State Bank*, 229 Va. 534 (1985); *Luckett v. Jennings*, 246 Va. 303 (1993). Thus, the facts stated in the opinion are taken from the plaintiff's pleading.

BCS contracted with Greenlaw Properties for construction of a commercial building in Spotsylvania County. Greenlaw Properties subcontracted the steel framing work to Puckett Brothers. Puckett Brothers undertook to erect the steel frame in a workmanlike manner. Because of Puckett Brothers' negligence in erecting the steel frame, the frame of the building collapsed on May 9, 1997. As a result, BCS, owner of the building,

suffered damages in the amount of $350,000.00 for "demolition, removal, and disposal of the destroyed structure and for the purchase, transportation, and erection of a replacement structure." Cincinnati Insurance Company indemnified BCS for its loss and now seeks to recover against Puckett Brothers as "subrogee of BCS."

Puckett Brothers demurred, contending among other things that the plaintiff's claim is barred by the economic loss rule.

### Applicable Legal Principles

The present-day economic loss rule derives from our Supreme Court's interpretation of Virginia Code § 8.01-223. That statute abrogates the common law requirement of privity in negligence cases involving "injury to *person* ... or *property*. . . ." (Emphasis added.) The statute is limited to its express terms. Thus, it does not abolish the requirement of privity for negligence actions in which the plaintiff has suffered only economic loss. *Bryant Elec. Co. v. Fredericksburg*, 762 F.2d 1192 (4th Cir. 1985).

In *Blake Const. Co. v. Alley*, 233 Va. 31 (1987), the Court considered the economic loss rule in the context of a construction project. The Court said that statutes in derogation of common law are to be strictly construed and held that the courts "cannot impute to the General Assembly an intent to abrogate by implication the privity requirement in cases where no injury [to person or property] is alleged, thereby allowing negligence actions for solely economic loss." Therefore, an action for damages for purely economic loss does not lie where the loss results from negligent performance of a contractual commitment brought by a non-party to the contract.

The first inquiry in ascertaining the applicability of the economic loss rule to a particular case is whether there was privity between the parties. Here, the answer is obvious. BCS, in whose name Cincinnati brings this action, was not in privity with Puckett Brothers. BCS contracted with Greenlaw Properties. Puckett Brothers was a subcontractor of Greenlaw Properties. Although Puckett was performing work on property owned by BCS, it was doing so under contract with Greenlaw Properties, not BCS.

The second inquiry is whether the damages sought are solely for an economic loss. Puckett Brothers argues that they are. Cincinnati, as subrogee of BCS, contends that its damages constitute "injury to property" because Puckett Brothers' negligence damaged its (BCS's) building.

In *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419 (1988), the landowner sued an architect and a swimming pool subcontractor, both of

whom had been employed by the landowner's builder. The landowner's contract with the builder was for a house and an enclosed pool. The builder engaged the services of the architect and the swimming pool subcontractor. After the project was completed, the landowner discovered that the pool had been constructed on fill, causing settlement that in turn caused water pipes to break and a part of the house foundation to crack.

The Court enunciated a test for the classification of the character of a loss:

> The controlling policy underlying tort law is the safety of persons and property — the protection of persons and property from loss resulting from injury. The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for. If that distinction is kept in mind, the damages claimed in a particular case may more readily be classified between claims for injuries to persons or property on the one hand and economic losses on the other.

In *Sensenbrenner*, the Court noted that the owner had purchased a package; the package was defective; and the failure of one substandard part of the package to meet the bargained-for level of quality caused diminution in the value of the whole, measured by cost of repair of the damaged part. That was a purely economic loss, the Court held, for which the law of contracts provided the sole remedy.

In *Rotonda Condo. Owners v. Rotonda Assocs.*, 238 Va. 85 (1989), the Court held that a condominium owners' association could not sue the developer, with whom it had no privity, to recover for structural defects in the common elements. The association sought damages associated with the cost of repairing the defects. The Court held that the damages were for economic loss and were not recoverable in tort.

The Court applied the economic loss rule again in *Copenhaver v. Rogers*, 238 Va. 361 (1989), and *Ward v. Ernst & Young*, 246 Va. 317 (1993). Because those cases did not involve construction projects, they are not particularly helpful in this analysis.

In *Sensenbrenner*, the Court cited with approval a U.S. Supreme Court case, *East River S.S. Corp. v. Transamerica Delaval*, 476 U.S. 858 (1986), involving products liability concepts. The Supreme Court held that when a product "injures itself" because one of its component parts is defective, a purely economic loss results to the owner for which no action in tort will lie. The Supreme Court observed that if no-privity concepts were allowed to progress too far, "contract law would drown in a sea of tort."

As our Court has noted, the law of torts is well equipped to offer redress for losses suffered by reason of a breach of some duty imposed by law, as distinguished from a duty imposed by contract. When a loss results from a breach of duty assumed only by contract, compensation remains the province of the law of contracts.

Parties involved in a construction project resort to contracts and contract law to protect their economic expectations. Their respective rights and duties are defined by the various contracts they enter. Protection against economic losses caused by another's failure to perform properly is but one provision that the parties may insert in striking their bargain. See *Blake Const. Co., supra.*

Cincinnati attempts to distinguish this case from cases involving merely a diminution in value of the finished product resulting from someone's failure to meet some standard of quality. In contrast, Cincinnati argues, this case involves actual damage to BCS's property because the steel frame collapsed. Notwithstanding the language employed, it is clear from the motion for judgment that the property allegedly injured was the steel frame, the component that Puckett Brothers was erecting. As in the *East River* products case, the product "injured itself."

Therefore, giving every reasonable inference to the facts alleged in the motion for judgment, it is apparent that the injury derives from an alleged failure by Puckett Brothers to meet a standard of quality imposed by its contract with Greenlaw Properties. Puckett Brothers had no contract with BCS, and thus it assumed no contractual duty to BCS. The motion for judgment alleges no facts showing a breach of any duty imposed by law.

### Conclusion

The demurrer will be sustained. The plaintiff will be given twenty-one days from the date of the order in which to file an amended motion for judgment, if it be so advised.