# CIRCUIT COURT OF THE CITY OF VIRGINIA BEACH

Donald MacConkey et al.

v.

F. J. Matter Design, Inc., et al.

v.

STO Corp. et al.

**February 8, 2000**

**Case No. CL98-2582**

BY JUDGE A. BONWILL SHOCKLEY

This matter is before the court on a demurrer raised by third-party defendant, STO Corporation, to a Third-Party Motion for Judgment brought against STO by defendant and third-party plaintiff F. J. Matter Design (hereinafter FJ Matter). The Court has considered the pleadings and written memoranda filed by the parties and heard the oral arguments of counsel.

*Procedural Posture*

The action arises out of a motion for judgment filed by homeowners, Donald and Denise MacConkey, against their general contractor, FJ Matter, for damages arising out of the construction of their residence, in particular the damage caused by water intrusion beneath the exterior insulation finish system ("EIFS"), an artificial stucco product used for siding on a home. FJ Matter

filed a Third-Party Motion for Judgment against various subcontractors including Custom Interiors, Lascara, Neuman, and Mechanical Technology, with whom FJ Matter had a direct contract, and against the manufacturers of the EIFS, STO Corporation, with whom no contract was formed.

STO Corporation filed a demurrer to the counts of negligence, breach of warranty, reckless/negligent misrepresentation, third-party beneficiary of contract, and violation of the Virginia Consumer Protection Act.

In reviewing STO Corporation's demurrer, the Court considered as true all the facts expressly or impliedly alleged and those facts which the Court could fairly and justly infer from the allegations. See *Rosillo v. Winters*, 235 Va. 268, 269, 367 S.E.2d 717 (1988), citing *Ames v. American National Bank*, 163 Va. 1, 37, 176 S.E. 204, 215-16 (1934). The Court's standard in evaluating the demurrer was whether the allegations against STO Corporation in the Third-Party Motion for Judgment, when taken as true, stated cognizable claims under Virginia law. The Court will discuss the counts in the following order: violation of the Virginia Consumer Protection Act, third-party beneficiary, negligent/reckless misrepresentation, negligence, and implied and express warranties.

### *Count IX: Violation of the Virginia Consumer Protection Act*

The Third-Party Motion for Judgment alleges that FJ Matter contracted with Custom Interiors for the purchase and installation of the EIFS System. The EIFS System had been, in turn, purchased from STO. The product was installed by Custom Interiors as exterior siding on the home built by FJ Matter for the MacConkeys.

In *Winchester Homes, Inc. v. Hoover Universal, Inc.*, 27 Va. Cir. 62 (1992), the Circuit Court found the sale of plywood to be used as a component part in the construction of homes was not a consumer transaction as envisioned by the Consumer Protection Act. The Consumer Protection Act, § 59.1-198, defines a consumer transaction as one involving the sale of goods or services to be used primarily for personal family or household purposes.

In the case before this Court, it is undisputed that the product was sold by the manufacturer to the subcontractor who installed the product as exterior siding for the home. Therefore, the Court finds the sale to be outside the purview of the Consumer Protection Act and therefore sustains the demurrer as to violation of the Act, without leave to amend.

*Count VIII: Third-Party Beneficiary*

The General Assembly has enabled a person or corporation, who is not a party to a contract, to sue under the instrument. See Va. Code Ann. § 55-22. In particular, if a contract is made for the benefit of a third person, in whole or in part, that person may maintain a suit in his own name. See *id.* The Supreme Court has summarized in a recent case the allegations necessary to sustain a cause of action as a third-party beneficiary:

> In order to proceed on the third-party beneficiary contract theory, the party claiming the benefit must show that the parties to a contract "clearly and definitely intended" to confer a benefit upon him. *Allen v. Lindstrom*, 237 Va. 489, 500, 379 S.E.2d 450, 457 (1989); [citation] omitted. Thus Code § 55-22 has no application unless the party against whom liability is asserted has assumed an obligation for the benefit of a third party. *Valley Co. v. Rolland*, 218 Va. 257, 259-60, 237 S.E.2d 120, 122 (1977); [citations omitted]. Put another way, a person who benefits only incidentally from a contract between others cannot sue thereon. *Valley Co.*, 218 Va. at 260, 237 S.E.2d at 122. The essence of a third-party beneficiary's claim is that others have agreed between themselves to bestow a benefit upon the third party but one of the parties to the agreement fails to uphold his portion of the bargain. *Copenhaver v. Rogers*, 238 Va. 361, 367, 384 S.E.2d 593, 596 (1989).

*MNC Credit Corp. v. Sickels*, 255 Va. 314, 320, 497 S.E.2d 331 (1998).

In the Third-Party Motion for Judgment, FJ Matter alleges "pursuant to the agreement, STO and Custom Interiors knew that F. J. Matter Designs, Inc., would benefit from the agreement and could be harmed by any breach of the agreement." There are no allegations that the parties to the contract knowingly intended to benefit FJ Matter. The parties' awareness that FJ Matter would benefit from the contract makes FJ Matter, at most, an incidental beneficiary of the contract. An incidental beneficiary cannot sustain a cause of action as a third-party beneficiary. See generally *Valley Landscape, Inc. v. Rolland*, 218 Va. at 260, 237 S.E.2d at 122. (A contractor was an incidental beneficiary of contract between architect and owner of well-drafted plans).

The Court finds insufficient the allegations to show FJ Matter was an intended beneficiary and, therefore, sustains STO Corporation's demurrer, with leave to amend, as to the third-party beneficiary theory as stated in Count VIII.

4

*Count VII: Negligent/Reckless Misrepresentation*

FJ Matter bases the allegations in Count VII on the following statements made by STO Corporation in an advertising brochure: (1) EIFS required little or no maintenance, (2) was effective and reliable for residential construction and (3) was easy to apply. The allegations alleged that those statements were either negligent or reckless misrepresentations. The brochure itself is before the Court and was filed at the time of oral arguments as a response to the Motion to Crave Oyer filed by STO Corporation.

To determine if FJ Matter has sufficiently alleged factors constituting negligent or reckless misrepresentation, it must be determined if an allegation of a false statement of a material fact has been made. See *Lumbermen's Underwriting v. Dave's Cabinet*, 258 Va. 377, 381, 520 S.E.2d 362 (1999). STO Corporation contends the statements made are the opinions of the manufacturer or "trade talk," not fact. Conversely, FJ Matter argues the statements are quantifiable representations of the present quality and character of the property. Both sides rely on *Tate v. Colony House Builders*, 257 Va. 78, 508 S.E.2d 597 (1999), to prove their argument.

In *Tate v. Colony House Builders*, the Supreme Court held statements such as the house is "free from structural defects . . . was constructed in a workmanlike matter and . . . was fit for habitation" to be statements related to the present quality of the house. See *id.* at 85. On the other hand, the Court found statements such as "the design and construction of the dwelling were of the highest quality" and "new dwelling house was competently designed commensurate with the consideration of $345,000" could not be the basis for claims of misrepresentation. See *id.*

This Court finds that the statements that (1) EIFS requires little or no maintenance and (2) is easy to apply are the manufacturer's opinions or refer to a future event and are therefore, not actionable. See *id.* at 82 quoting *Patrick v. Summers*, 235 Va. 452, 369 S.E.2d 162, 164 (1988) ("fraud must relate to a present or a pre-existing fact and cannot ordinarily be predicated on unfulfilled promises or statements as to future events."). Also see *Tate*, 257 Va. at 84.

The remaining allegation in Count VII regards the statement that EIFS is "effective and reliable for residential construction." Whether the EIFS is effective and reliable in residential construction does not relate to a pre-existing or present fact. The statement is an opinion as to the future performance of a product when it is incorporated into the building of a home. However, FJ Matter argues this statement is sufficient citing *Tate*. Unlike the remarks made in *Tate v. Colony House Builders*, this statement is not

concerned with the present quality and character of the property (or product, in this case). In *Tate*, the statements were made after the house was built. Part of the structure was rotting rendering the present character and state of the building known. Similarly, in *Packard Norfolk v. Miller*, 198 Va. 557, 95 S.E.2d 207 (1956), statements by the car salesman that an automobile was in perfect condition relates to facts known about the car at the time of the purchase. See *id.* at 563. Under these circumstances, the statement cannot be used as grounds for misrepresentation.

This Court finds, as a matter of law, the allegations are insufficient to establish a claim for negligent or reckless misrepresentation. Accordingly, the Court sustains STO Corporation's demurrer, without leave to amend, as to the negligent and reckless misrepresentation.

### Count V: Negligence

FJ Matter stated claims of negligent certification, negligent design, and failure to warn in Count V of the Third-Party Motion for Judgment. Citing the economic loss rule, STO Corporation demurred on the grounds that lack of privity between the parties bars recovery.

The economic loss rule is derived from the Supreme Court's interpretation of Va. Code Ann. § 8.01-223. This statute abrogates the common law and eliminates the requirement of privity in negligence cases involving injury to person or property. See *Cincinnati Ins. Co. v. Puckett Brothers Const. Co.*, 48 Va. Cir. 271 (1999). The rule provides that absent privity between the parties, an action for negligent performance of a contractual obligation will not lie if there is neither injury to person or to property. See *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 374 S.E.2d 55 (1988). In determining whether the economic loss rule applies, there is a two-step process. First, the Court has to first determine if there is privity and secondly, determine whether injury to person or property is involved.

In this case, there is no contract between FJ Matter and STO Corporation. FJ Matter purchased STO material through Custom Interiors, with whom it had a contract to install the EIFS. The parties acknowledge there is no privity.

The parties do dispute whether injury to person or property is present. FJ Matter asserts it does not state a claim for economic damages but alleges a claim against STO Corporation for products liability, property damage, and contribution. Specifically, FJ Matter contends the EIFS, when placed in proximity with other materials created an environment that caused damage to those materials. Thus, the product is not injuring itself, a purely economic

loss, but causing damage to other products and materials used in the construction of the home.

FJ Matter is mistaken in its assertion that a products liability claim is beyond the scope of the economic loss rule. A products liability claim must state a cause of action arising out of injury to person or property. See *Redman v. John D. Brush and Co.*, 111 F.3d 1174, 1182 (4th Cir. 1997) ("A plaintiff who is not in privity with the defendant may not maintain a suit for negligence, such as a products liability suit, based on purely economic losses.").

FJ Matter is also incorrect in its argument that it has alleged damage to property and thus is not subject to the economic loss rule. The Virginia Supreme Court enunciated a test for determining whether there is injury to person or property in *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 374 S.E.2d 55.

> The controlling policy underlying tort law is the safety of persons and property — the protection of persons and property from loss resulting from injury. The controlling policy consideration underlying the law of contracts is the protection of expectations bargained for. If this distinction is kept in mind the case may more readily be classified between claims for injuries to persons or property on the one hand and economic losses on the other.

*Sensenbrenner* is the prominent case distinguishing property damage from economic loss. In *Sensenbrenner*, a landowner contracted with a builder for the construction of a swimming pool. After construction, the landowner discovered the pool had been constructed on a fill causing settlement that caused the water pipes to break and part of the foundation of the landowner's house to crack. The landowner sued an architect and a swimming pool subcontractor, who had been employed by the builder. The Court noted the owner had purchased a package and the package was defective. The failure of the component part caused a diminution in value of the whole and entitled the landowner the cost of repair. Thus the loss was purely economic.

Similarly, in a decision by the Spotsylvania Circuit Court, Judge Ledbetter held that the collapse of a building's steel frame was not property damage. The circuit court held the property allegedly injured was the steel frame itself and there is no property damage for a product which injures itself. See *Cincinnati Ins. Co. v. Puckett Brothers Const. Co., supra.*

FJ Matter fails to distinguish the injury allegedly caused by EIFS in this case from the damage that resulted in the *Sensenbrenner* or *Cincinnati Ins.*

*Co.* cases. Plaintiffs in those cases sought damages not only for injury to the product itself but for damages to the foundation of their nearby home and actual damage to the collapsed building, respectively. FJ Matter has suffered no loss itself. Its losses are those of the MacConkeys, who, like the plaintiffs in *Sensenbrenner* purchased a package deal for a new home. The failure of one of the component parts in that package caused a diminution in the value of the home and necessitated repair work. The loss is disappointed economic expectations. The Court sustains STO Corporation's demurrer as to negligence without leave to amend.

### Count VI: Implied and Express Warranties

FJ Matter's claims for breach of implied warranties fail for two reasons: (1) lack of privity between the parties bars recovery for economic loss and (2) the EIFS, once incorporated into the home, was no longer a good governed by the UCC.

As stated previously, the loss sustained by FJ Matter is purely economic. FJ Matter seeks recovery from STO in the event it is held liable for the MacConkeys's disappointed economic expectations in the home. In attempting to circumvent the privity requirement for economic losses, FJ Matter cites the anti-privity statute, which was discussed at length in *Winchester Homes v. Hoover Universal, Inc.*, 30 Va. Cir. 22 (1992).[1] This statute provides:

> Lack of privity between plaintiff and defendant shall be no defense in any action brought against the manufacturer or seller of goods to recover damages for breach of warranty, express or implied, or for negligence, although the plaintiff did not purchase the goods from the defendant, if the plaintiff was a person whom the manufacturers or seller might reasonably have expected to use, consume, or be affected by the goods. . . .

Va. Code Ann. § 8.2-318. The relationship of the privity statute and the UCC implied warranties was discussed by the Supreme Court in *Beard Plumbing & Heat v. Thompson Plastics*, 254 Va. 240, 491 S.E.2d 731 (1997). On a certified question from the Fourth Circuit Court of Appeals, the Supreme Court held that Va. Code Ann. § 8.2-715(2) requires a contract between parties for recovery of consequential economic loss damages in a claim for

---

[1] The Supreme Court denied an appeal from *Winchester Homes*, finding no error in judgment.

8

breach of a UCC warranty. See *Beard Plumbing & Heat v. Thompson Plastics*, 254 Va. 240, 245, 491 S.E.2d 731 (1997). FJ Matter has no contract with STO Corporation. Its dealings with STO Corporation are through another entity, Custom Interiors/Exteriors. There is no privity and FJ Matter cannot sustain a cause of action.

Counsel spent time discussing *Winchester Homes v. Hoover Univ., Inc.*, 30 Va. Cir. 22 (1992). FJ Matter correctly distinguishes itself from the builder in *Winchester Homes*, whose claim is based on assignments from the homeowner. FJ Matter is suing on its own behalf, however, unlike the builder in *Winchester Homes*, FJ Matter is not in privity with the manufacturer who allegedly created the harm. Without privity, the implied warranty claims fail.

Secondly, for public policy reasons, the UCC protections do not cover goods used for construction once they have been incorporated into realty. See *Winchester Homes v. Hoover Univ., Inc.*, 30 Va. Cir. 22 (Fairfax County 1992). The Fairfax County court explained the policy reasons in *Winchester Homes*:

> If the UCC implied warranties given by the component manufacturer pass through to the purchaser of residential housing, the developer would have no incentive to extend warranties. Consumers would then look to the component instead of the developer for protection, and the protections given by the General Assembly under Code § 55-70.1.

*See id.*[2]

The Court sustains STO Corporation's demurrer as to implied and express warranties without leave to amend.

In summary, the Court sustains the demurrers of STO Corporation as to the counts involving violation of the Virginia Consumer Protection Act, negligent/reckless misrepresentation, negligence, and breach of implied and express warranties, without leave to amend. The demurrer as to third-party beneficiary is sustained, with leave to amend, if there exists allegations which would cure the deficiencies. The amendments should be filed within ten days of entry of the Order reflecting this opinion.

---

[2] The General Assembly has amended Va. Code Ann. § 55-70.1 since to allow a direct cause of action between the home owner and the manufacturer of fire-retardant treated plywood, it has not extended or altered the statute in regards to other construction materials that are incorporated into realty. See Va. Code Ann. § 55-70.1(G).