# CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Printpack, Inc.

v.

Pak-Tec, Inc., et al.

June 29, 2000

Case No. CL99-397

BY JUDGE WILLIAM H. LEDBETTER, JR.

Imaje Corporation, one of the defendants, has filed a demurrer contending that the plaintiff's claims against it are barred by the so-called economic loss rule.

*Facts*

When considering a demurrer, the court assumes as true all facts properly pleaded, facts implied and facts that may be fairly inferred from the allegations. *Bowman v. State Bank*, 229 Va. 534, 331 S.E.2d 797 (1985); *Luckett v. Jennings*, 246 Va. 303, 435 S.E.2d 400 (1993). Hence, the facts in this opinion are taken from the plaintiff's pleadings.

Printpack, the plaintiff, is in the business of printing labels for soft drink bottlers. It operates a facility in Spotsylvania County.

Printpack contracted with Coca-Cola to print approximately 250 million "peel-and-read" labels to be placed on Coca-Cola products in conjunction with a promotion. Various messages on the labels were supposed to be printed with a specified frequency so that a predetermined number of prizes would be distributed. The label messages were not printed in proper sequence, so that messages announcing prizes appeared on an excessive number of bottles. Consequently, Coca-Cola had to honor an overabundance of claims for prizes. Coca-Cola pulled the product from the market and destroyed the labels.

Printpack was required to reimburse Coca-Cola $800,000.00 for damages associated with the mislabeling.

Imaje designs and distributes high speed computer-based inkjet printer systems. Pak-Tec distributes these systems for the printing of specialty labels. Printpack printed the Coca-Cola labels on inkjet printing systems supplied to Printpack by Pak-Tec. Pak-Tec acted as regional distributor for Imaje.

In its amended motion for judgment, Printpack contends that the mislabeling was due to a defect in the printing system. As a result, Printpack alleges, it was required to reimburse Coca-Cola more than $800,000.00, and Pak-Tec and Imaje are liable to Printpack "for the damages paid by Printpack as a result of the defect in the printing system."

The amended motion for judgment contains five counts, each setting forth a separate theory of recovery. In Count I, Printpack alleges a claim of "contractual indemnity" against Pak-Tec only. Count II alleges a "common law" indemnity claim against Pak-Tec and Imaje. Count III and Count IV are warranty claims against both defendants. In Count V, Printpack seeks contribution from Pak-Tec and Imaje in the event Printpack, Pak-Tec, and Imaje are found to be "joint tortfeasors" in causing the damage to Coca-Cola.

Imaje demurred, contending that it was not in privity with Printpack and, therefore, it could not be held accountable for the purely economic loss allegedly suffered by Printpack.

Arguments on the demurrer were heard on June 19, 2000, and the court took the matter under advisement.

### Applicable Legal Principles

The present-day economic loss rule derives from our Supreme Court's interpretation of Virginia Code § 8.01-223. That statute abrogates the common law requirement of privity in negligence cases involving "injury to *person* . . . or *property* . . . ." (Emphasis added.) The statute is limited by its express terms. Thus, it does not abolish the requirement of privity for a negligence action in which the plaintiff has suffered only economic loss. *Bryant Electric Co. v. Fredericksburg*, 762 F.2d 1192 (4th Cir. 1985).

In *Sensenbrenner v. Rust, Orling & Neale*, 236 Va. 419, 374 S.E.2d 55 (1988), the Court enunciated a test for the classification of the character of a loss:

The controlling policy underlying tort law is the safety of persons and property — the protection of persons and property from loss resulting from injury. The controlling policy consideration underlying the law

of contracts is the protection of expectations bargained for. If that distinction is kept in mind, the damages claimed in a particular case may more readily be classified between claims for injuries to persons or property on the one hand and economic losses on the other.

The Court applied the economic loss rule in *Rotonda Cond. Owners v. Rotonda Associates*, 238 Va. 85, 380 S.E.2d 876 (1989); *Copenhaver v. Rogers*, 238 Va. 361, 384 S.E.2d 593 (1989); and *Ward v. Ernst & Young*, 246 Va. 317, 435 S.E.2d 628 (1993). This Court has had occasion to address the implications of the economic loss rule. See *Cincinnati Ins. Co. v. Puckett Brothers*, 48 Va. Cir. 271 (1999); *Motion Control v. Butzner*, 35 Va. Cir. 499 (1990).

*Decision*

Applying the principles explicated in those cases, it is clear from the amended motion for judgment that Printpack's claims arise from a purely economic loss, i.e., the money paid by Printpack to Coca-Cola as reimbursement to Coca-Cola for damages resulting from the mislabeling. There is no injury to person or property here. Printpack's assertion that at least part of its claim concerns "injury to the labels" is without any support in the pleading. Nowhere in the plaintiff's pleading is there any suggestion that Printpack claims damages because of "injury" to the labels themselves. Rather, it is the $800,000.00 that Printpack had to pay Coca-Cola for honoring claims for prizes, destroying labels, and pulling the product off the market that Printpack seeks to recover. To determine whether a claim is one for economic loss or for injury to property, the court must look beyond the verbiage to determine the true nature and substance of the claim. The true nature and substance of this action is an economic loss allegedly caused by defects in a printing system designed and manufactured by Imaje and sold to Printpack by Pak-Tec.

Because Printpack's claim against Imaje is for purely economic loss, not injury to property, Printpack would not be entitled to recover if there was no privity between Printpack and Imaje.

However, according to Printpack's allegations, there was privity. In its warranty counts (III and IV), Printpack alleges that Imaje (and Pak-Tec) warranted the printing system, breached the warranties, and those breaches caused the loss suffered by Printpack. If these allegations are proven, there was a contractual relationship between Printpack and Imaje. Such a relationship establishes privity. With privity, Printpack's loss would be

consequential damages resulting from breach of warranty instead of a non-recoverable economic loss.

Because this is a demurrer and Printpack's allegations of a contractual relationship must be, at this stage, deemed true, the court must overrule the demurrer. Perhaps discovery will shed further light on the true relationship, if any, between Printpack and Imaje.

The demurrer will be overruled for the reason explained above.