538

## CIRCUIT COURT OF GREENE COUNTY

Christopher French et al.

v.

York Int'l Corp. et al.

February 27, 2007

Case No. CL06-84

BY JUDGE EDWARD L. HOGSHIRE

On July 11, 2006, Christopher French, Laura French, and their two minor children, Brock French and Ethan French (referred to collectively as the "French family"), filed an Amended Motion for Judgment ("MFJ")[1] against York International Corporation ("York"), Tri-County Development Corporation ("Tri-County"), and Mack Morris, d/b/a Mack Morris Heating & Air Conditioning ("Mack Morris"), claiming negligence, breach of statutory and implied warranties, and defective product. Defendants Tri-County's and Mack Morris's demurrers to the MFJ give rise to the issues before the Court

---

[1] Amending an original Motion for Judgment filed on May 5, 2006, to include an additional defendant, Mack Morris.

today. For the reasons stated below, the Court overrules Defendant Tri-County's demurrer as to Counts I and II and sustains its demurrer to Counts III and V; the Court also sustains Defendant Mack Morris's demurrer as to all counts.

## Standard of Review

For the purposes of demurrer, the facts as stated in Plaintiffs' Motion for Judgment, along with the sales contract ("Contract") incorporated pursuant to a Motion Craving Oyer by Defendant Tri-County, will be taken as true and correct. *See Ward's Equipment v. New Holland N. Am.*, 254 Va. 379, 382–83 (1997) ("When a demurrant's motion craving oyer has been granted, the court in ruling on the demurrer may properly consider the facts alleged as amplified by any written agreement added to the record on the motion."). The facts admitted are those expressly alleged, those that fairly can be viewed as impliedly alleged, and those that may fairly and justly be inferred from the facts alleged. *Rosillo v. Winters*, 235 Va. 268, 270 (1988) (quoting *Ames v. American National Bank*, 163 Va. 1, 37 (1934)). As long as a claim contains sufficient allegations of material fact to inform the respondent of its true nature and character, it will withstand demurrer. *CaterCorp, Inc. v. Catering Concepts, Inc.*, 246 Va. 22, 24 (1993). However, a demurrer will be sustained when the pleading does not state a cause of action or fails to state facts upon which the relief demanded can be granted. Va. Code § 8.01-273.

## Statement of Facts

On November 26, 2001, Christopher and Laura French purchased a home as a new dwelling to be constructed by Tri-County (MFJ, ¶ 8) pursuant to a purchase agreement (Exhibit "A"). At the time of the purchase, the residence contained an air conditioning unit purchased by Tri-County from manufacturer York and installed by Mack Morris. (MFJ, ¶ 10.) At some time prior to March 30, 2005, all four members of the French family began to experience health problems arising from their exposure to freon, which leaked into the living areas of the residence from defective coils in and/or due to defective installation of the air conditioning unit. (MFJ, ¶¶ 12–14.) The amount of freon in the home was substantial enough to require the French family to vacate the residence from March 30, 2005, to October 30, 2005. (MFJ, ¶ 14.)

*Analysis*

Count I. *Negligence by Tri-County and Mack Morris*

In Count I of their complaint, the plaintiffs assert that Tri-County and/or Mack Morris "negligently and/or [sic] provided, supplied, installed the Unit" and that Tri-County failed to warn the plaintiffs of the dangers of the defective air conditioning unit. (MFJ, ¶ 16.) In order to sustain a cause of action in tort, the plaintiffs must demonstrate that a duty was owed to them by the defendants. Where a relationship between parties exists solely by virtue of a contract, any cause of action thereafter arising will ordinarily be based on a breach of that contract, which carries with it the attendant statutes of limitations for such claims. *See Oleyar v. Kerr*, 217 Va. 88, 90 (1976). An exception to this exists where a plaintiff can demonstrate that the defendant owed a duty of care to the plaintiff that arose irrespective of the contract. *See Richmond Metro. Auth. v. McDevitt Street Bovis, Inc.*, 256 Va. 553, 558 (1998).

In this case, the relationship between the French family and the defendants arose when Christopher and Laura French and Tri-County entered into the sales agreement. Thus, any cause of action would ordinarily be grounded in contract law. However, the plaintiffs also allege that Tri-County failed to warn them of known hazards associated with the faulty air conditioning unit. (MFJ, ¶ 16.) Taking these allegations as true for the purposes of demurrer, such an assertion can form the basis for a cause of action in tort. *See Hegwood v. Virginia Natural Gas, Inc.*, 256 Va. 362, 369 (1998). Therefore, Tri-County's demurrer to Count I will be overruled.

As to Mack Morris, the plaintiffs have not offered sufficient facts to sustain their cause of action. Alternatively alleging that Mack Morris "installed" the air conditioning unit (MFJ, ¶ 10) or that Mack Morris "provided, supplied, [and/or] installed" the unit (MFJ, ¶ 16), the plaintiffs offer nothing more in support of these assertions. In addition, the plaintiffs have not demonstrated the existence of a duty running from Mack Morris to them. "Despite the liberality of presentation which the court will indulge, [a] motion must state a cause of action." *Moore v. Jefferson Hosp., Inc.*, 208 Va. 438, 440 (1967). Therefore, Mack Morris's demurrer to Count I will be sustained.

Count II. *Breach of Warranty Article 2 by Tri-County and Mack Morris*

In Count II of their complaint, the plaintiffs assert that the faulty air conditioning unit sold to them by defendant Tri-County and installed by defendant Mack Morris qualifies as a "good" under the Virginia Uniform Commercial Code ("UCC") and is thus subject to the statutory warranties of merchantability and fitness detailed in Virginia Code §§ 8.2-314 and 8.2-315. (MFJ, ¶¶ 21, 23, 25.)

The UCC applies only to transactions in goods, defined as "all things ... which are movable at the time of identification to the contract for sale." Va. Code §§ 8.2-102, 105. Pursuant to these provisions, state courts have held that the UCC does not apply to transactions in real property or to building components incorporated into real property. *See Bruce Farms, Inc. v. Coupe*, 219 Va. 287, 289 (1978); *Glass v. Trafalgar House Prop., Inc.*, 58 Va. Cir. 437, 442 (2002); *Bay Point Condo. Ass'n v. RML Corp.*, 54 Va. Cir. 422, 431 (2001); *MacConkey v. F. J. Matter Design, Inc.*, 54 Va. Cir. 1 (2000); *Winchester Homes, Inc. v. Hoover Universal, Inc.*, 30 Va. Cir. 22, 30 (1996). However, it has been suggested that certain items incorporated into a home may retain their character as "goods" subject to the UCC, including sliding glass doors, windows and screens, and carpet. *See Bay Point*, 54 Va. Cir. at 434 ("[T]he Court is of the opinion that sliding glass doors maintain their character as 'goods' much like *windows and screens* maintain their character as 'goods'."), 436 (" '[C]arpet' ... maintains a distinct character as a good and is incorporated into the realty in a different context than plywood or [siding]."). Indeed, one court has expressly suggested that an air conditioning unit maintains its character as a "good" even when incorporated into real property. *Winchester Homes, Inc.*, 30 Va. Cir. at 30, n. 3 ("Home appliances, such as dishwashers, refrigerators, or air conditioning units, may remain 'goods' under the UCC.").

The adverse consequences thought to follow from expansion of the definition of "goods" contemplated by the UCC have been well-documented. *See Winchester Homes, Inc.*, 30 Va. Cir. at 31 ("Another policy reason [why the UCC] should not be interpreted to apply to building components is that component manufacturers would then become the primary warrantors of residential housing instead of developers. . . ."). However, such concerns are misplaced in this context. Because building materials are manipulated and altered in the course of construction by developers, the legislature has created alternative means of protecting homebuyers without placing the burden on manufacturers to warrant these materials once incorporated into a structure. *See* Va. Code Ann. § 55-70.1. Home appliances do not implicate these same

concerns; in fact, manufacturers' warranties for such items often run expressly through a developer to a homebuyer, as evidenced by the sales contract at issue in this case. *See* Contract app. A (conveying "[s]eparate manufacturers' warranties on appliances, heat pump [the air conditioning unit], exterior and waterproofing").

Therefore, even within a contract for the construction of a home, items conveyed to a buyer pursuant to that contract which maintain their distinct character as "goods" will implicate the provisions of the UCC. As the UCC warranties extend down the chain of distribution, Va. Code Ann. § 8.2-318, Tri-County's demurrer as to Count II will be overruled.

As to Mack Morris, notwithstanding their assertion that Mack Morris was a "seller" of the air conditioning unit (MFJ, ¶ 21), plaintiffs subsequently allege that the company actually "installed" the air conditioning unit after it was purchased by Tri-County from York (MFJ, ¶¶ 10, 26). As the provisions of the UCC do not apply to services, *see* Va. Code Ann. § 8.2-102, Mack Morris's demurrer as to Count II will be sustained.

Count III. *Breach of Non-Statutory Warranties by Tri-County and Mack Morris*

In Count III of their Amended Complaint, the plaintiffs allege that defendants Tri-County and Mack Morris breached "implied" warranties of merchantability and fitness of the air conditioning unit, (MFJ, ¶ 29), which it is assumed somehow differ from those "implied" UCC warranties alleged to have been breached in Count II. However, with regard to Tri-County, the Virginia Supreme Court has held that no implied warranties extend to construction contracts. *See Bruce Farms, Inc. v. Coupe*, 219 Va. 287, 292 (1978); *see also Stoney v. Franklin*, 54 Va. Cir. 591 (2001). Thus, with no statutory basis for such a warranty, Tri-County's demurrer to Count III will be sustained.

As to Mack Morris, as the installer of the unit and not the "seller," Mack Morris is not subject to the requirements, including the implied warranties, of the UCC. Thus, the plaintiffs' assertion that Mack Morris impliedly warranted the merchantability and fitness of the air conditioning unit has no basis in law. While it may be that a common law warranty attached to the quality of Mack Morris's work in installing the unit, irrespective of his position as a subcontractor to Tri-County, no such claim was alleged; moreover, plaintiff does not allege that the defects in the unit existed at the time of installation of the unit or conveyance of the home. Hence, Mack Morris's demurrer to Count III will be sustained.

Count V. *Breach of Warranty by Tri-County Development*

In Count V of their Amended Complaint, the plaintiffs allege that Tri-County breached the warranty on new homes established under Virginia Code § 55-70.1. Although the parties disagree on whether Tri-County lawfully disclaimed any of its obligations under this warranty (*compare* Tri-County's Mem. of Law in Supp. of Dem. at 11–13, *with* Pl.'s Opp'n to Dem. at 4–5), that conflict ignores the fact that any warranties provided by this statute expired one year after the plaintiffs took possession of the home. Va. Code Ann. § 55-70.1(E). Although the plaintiffs may not have been required to provide Tri-County with notice of the construction defect within the one-year warranty period, *see Vaughn, Inc. v. Beck*, 262 Va. 673, 678 (2001); *see also* Va. Code Ann. § 55-70.1(D) (amending § 55-70.1 to require that any defect discovered after July 1, 2002, be reported to the builder in advance of filing suit), there is nothing in their complaint to indicate that the air conditioner was defective during the period that the home was allegedly warranted by Tri-County. Moreover, the statute of limitations on claims brought under § 55-70.1 appears to have lapsed. *See* Va. Code Ann. § 55-70.1(E) ("Any action for its breach shall be brought within two years after the breach thereof."). Therefore, Tri-County's demurrer to Count V will be sustained.

## Conclusion

For the foregoing reasons, defendants' respective demurrers will be sustained in part and overruled in part. Plaintiffs will be given leave to amend their complaint consistent with the above, with such amended complaint due on or before March 20, 2007.